Joaquín Quiñones Carrasquillo, demandante-apelante apelado, *v.* María, Georgina, Vicente, Manuel, Monserrate y Guillermo Quiñones Carrasquillo, y Agustín Guardiola, Administrador Judicial de los bienes del finado Quiñones Dávila, demandados-apelados-apelantes.

No. 5164.—*Sometido:* Mayo 22, 1930. *Resuelto:* Mayo 21, 1931.

*R. A. Arroyo Ríos,* abogado de los apelantes-apelados; *González Fagundo & González Jr.,* abogados de los apelados-apelantes.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Fué el demandante en este caso Joaquín Quiñones Carrasquillo, que alegó que él y los demandados María, Georgina, Vicente, Manuel, Monserrate y Guillermo Quiñones Carrasquillo, son los únicos herederos de Vicente Quiñones Dávila, declarados tales por la corte de distrito de Humacao, y el demandado Angel Guardiola es el administrador judicial de los bienes de la herencia de dicho Vicente Quiñones; que en virtud de una orden de la corte de distrito de Humacao, dictada en el expediente de administración y a petición del administrador, el márshal de dicha corte despojó al demandante de una casa de maderas del país, una yegua, un caballo, cuatro yuntas de bueyes, dos carros, dos arados, y una plantación de dos cuerdas de caña de azúcar, de la exclusiva propiedad del demandante; que los demandados, por medio de falsas manifestaciones, obtuvieron de la corte la orden para sacar tales bienes de la posesión del demandante, y pasarlos a la del administrador judicial, perjudicando al demandante en un valor superior a $500.

Los demandados excepcionaron la demanda por falta de hechos suficientes para determinar causa de acción. La excepción fué declarada sin lugar. Y entonces los demandados contestaron negando todas y cada una de las alegaciones de la demanda.

En la relación del caso y opinión que se unió a los autos, la corte, apreciando la prueba declara que son de propiedad del demandante, y le deben ser restituídos los siguientes bienes:

(a) La casa de madera, techada de zinc, por haberse probado que el demandante compró las maderas en la casa J. Bird y León, y pagó la mano de obra al carpintero Jesús Algarín.

(b) Tres de los bueyes ocupados, de los que uno está marcado J. Q., otro con varias letras que no coinciden con las iniciales de las partes en este pleito, y el otro sin marca;

los que estaban en posesión del demandante; y que tres de los demandados dijeron que dos de las cuatro yuntas no les pertenecen.

(c) Uno de los carros, sobre el que existe la misma manifestación de los demandados.

(d) El caballo rucio que está marcado J. Q.

(e) La plantación de caña de azúcar, porque fallecido Vicente Quiñones en 5 de enero de 1926, y tratándose de una plantación ocupada en enero de 1927, ésta es distinta.

Y de la propiedad de los demandados los demás bienes.

De acuerdo con esa opinión se dictó la sentencia, contra la que apeló el demandante; y los demandados apelaron en cuanto declara con lugar parcialmente la demanda. De los demandados aparecen apelando, Agustín Guardiola, y María, Georgina y Manuel Quiñones.

El apelante Joaquín Quiñones señala seis errores a la sentencia: uno de apreciación de la prueba; dos en cuanto a decisiones en materia de evidencia; y tres de infracciones de ley.

■■ Los señalamientos de error números segundo y tercero son éstos:

"La Corte cometió error por infracción al artículo 1365 del Código Civil.

"La Corte cometió error por infracción al artículo 1856 del Código Civil."

Cierto que el artículo 1365 del Código Civil dispone lo que dice el apelante, esto es, que se entiende entregada la cosa vendida cuando se pone en poder del comprador. Pero de la relación del caso y opinión de la Corte, no aparece que los bueyes de que se trata fueran objeto de determinado contrato de compraventa. La corte al decidir acerca de las yuntas de bueyes, parte de su relación del caso y opinión, en la que leemos:

"En relación con las 4 yuntas de bueyes que se reclaman, de la diligencia del Márshal obrante en el caso número 11298 de Ma-

ría Quiñones Carrasquillo, sobre administración judicial, aparece que 4 de los citados bueyes o sean los designados con los nombres de Víbora, Batallón, Mariposa y Borinquen, están marcados, a más de tener otras marcas, con el número 37, que según la prueba de los demandados, era la marca que usaba el causante don Vicente Quiñones Dávila, y por tal razón, entendemos que los mismos pertenecen a la Sucesión.''

Quizá convendríamos en que no es muy fuerte la razón en que se basa la corte para llegar a esa conclusión. Pero no es ése el punto que se discute. La parte apelante se limita a decir que los animales que compró Joaquín Quiñones le fueron entregados al recibir el precio, y que esa circunstancia ha debido ser tenida en cuenta por el juez para decidir que Joaquín Quiñones era el dueño. Más parece que el apelante quiso señalar un error en la apreciación de la prueba que otra cosa.

Y sobre esa posesión se funda el tercer señalamiento de error.

No nos sentiríamos obligados a escudriñar el récord taquigráfico de 262 páginas, para buscar en él, página por página, lo que el apelante no quiso señalar de una manera específica. Pero, esto no obsta para que, resolviendo al mismo tiempo el primer señalamiento de error, estudiemos la prueba, y decidamos si el juez de distrito estuvo o no acertado en su apreciación.

Pero como tenemos ante nosotros la apelación de los demandados, en la que se ataca como errónea la apreciación de la prueba, conviene resolver aquí sobre todos los extremos de la misma.

En cuanto a la propiedad de la casa, el demandante probó que la había hecho construir a su costa, pagando los materiales y la mano de obra. Su afirmación en tal sentido fué corroborada por la prueba testifical y documental; y la declaración judicial en este sentido tiene su fundamento en tal prueba.

Del mismo modo la declaración de la sentencia en cuanto

a la propiedad de la plantación de caña de azúcar en una extensión de cerca de dos cuerdas, como propia del demandante, es correcta y se apoya en una prueba suficientemente clara y convincente.

▇ En lo que se refiere a la propiedad de las cuatro yuntas de bueyes, la yegua blanca parida y el caballo rucio, preciso es reconocer que con dificultad se encontrará una prueba más larga, más confusa, y más contradictoria que la traída a este litigio. Por una parte, el demandante declara que compró tal animal, a una determinada persona, que a su vez ofrece su testimonio, bastante fuerte en la afirmativa mientras se halla en el interrogatorio directo, y bastante débil y confuso bajo el contra-interrogatorio. Aparece luego en los testimonios contradicciones y verdaderas incoherencias, que crean al juez una situación difícil.

La Corte de Distrito ha pesado esos testimonios, hasta donde es humanamente posible hacerlo; y luego ha acudido a otros detalles, como las marcas del ganado, y de unos y otros elementos probatorios han surgido su juicio, y su resolución. En un gran número de ocasiones hemos dicho que, a menos que se evidencie pasión, prejuicio o parcialidad, o un patente error, no hemos de alterar la apreciación que de la prueba hizo el tribunal *a quo*. Y en esta ocasión, en que no hay ni la más leve razón para creer en la influencia de pasión, parcialidad o prejuicio y en que el estudio de este récord no nos produce la impresión de existencia de un manifiesto error en la apreciación de la prueba, sostenemos lo hecho por la corte de distrito.

En cuanto a los carros y arados, la apreciación de la prueba se halla en las mismas condiciones a que nos acabamos de referir.

Aplícase esta parte de nuestra opinión a los señalamientos de error primero, segundo y tercero, del alegato de Joaquín Quiñones, y al único señalamiento de error ofrecido por los demandados también apelantes.

■ El cuarto señalamiento de error, presentado por Joaquín Quiñones está expresado así:

"La Corte cometió error por infracción a los apartados 8 y 11 del artículo 102 de la Ley de Evidencia."

Bajo este título estudia el apelante el valor de las presunciones controvertibles señaladas en tal artículo.

La presunción controvertible crea un estado de probabilidad, que puede convertirse en de prueba, si tal presunción subsiste sin ser atacada. Si se la ataca, el hecho en que ella se materializó, pierde el carácter de presunta verdad, y se convierte en un hecho a probar. Y aquí la entrega de ciertos bienes a Joaquín Quiñones, y su posesión o tenencia de los mismos, en el momento en que se establece contienda judicial acerca de su existencia o su legitimidad, se convierte en un hecho a probar, y por el resultado de la prueba, no por la presunción, ha de guiarse el juez, como lo hizo en este caso.

■ La admisión por la corte de un documento de garantía sobre ganado, se ataca como error por el apelante Joaquín Quiñones.

Fuera de que tal documento no ha influído para nada en el juicio del juez como lo revela la lectura de su opinión, la prueba de que Vicente Quiñones Dávila tenía en aquel momento cierto ganado que sometió a una garantía, es admisible en un juicio de esta clase. Es claro que si por error u otra razón, ella no revela nada, de nada ha servido, pero tampoco ha perjudicado a la parte apelante. El peligro de que un juez de derecho se extravíe en su juicio por consecuencia de un documento de esa clase, se reduce a una mínima expresión. Quizá no pudiera decirse lo mismo de un jurado; pero éste no es el caso.

■ Se ofreció como prueba del demandante, y en vía de *rebuttal* una certificación del secretario municipal de Fajardo creditiva de que Vicente Quiñones Dávila usaba para marca de su ganado dos iniciales; y a oposición de los demandados la corte denegó la admisión.

El incidente en la prueba fué éste, según el récord ta-quigráfico:

"Lic. González.—Ahora, vamos a presentar en evidencia una certificación expedida por el Secretario del Concejo Municipal de Fajardo, creditiva de que don Vicente Quiñones en el año mil novecientos dos, usaba como sello del ganado estas iniciales que aparecen estampadas ahí en tinta.

"Lic. Arroyo.—Señor Juez, para oponernos a la admisión de esa prueba por los mismos fundamentos que nos hemos opuesto a la declaración del testigo don Vicente Quiñones Carrasquillo, porque esta es una prueba de *rebuttal*, a manifestaciones o declaraciones hechas por nuestros testigos, y que ha sido sacada por primera vez en el interrogatorio hecho por la otra parte y, no se ha demostrado que esta marca sea precisamente la de don Vicente Quiñones Dávila.

"Lic. González.—Señor Juez, éste es en sí el caso, porque ellos han dicho que él marcaba su ganado con el número '37'.

"Hon. Juez.—Pero fué sacado por el demandante en el contra-interrogatorio. Se sostiene la oposición.

"Lic. González.—Entonces yo tomo excepción, y quiero que quede el documento en el récord a los efectos de si hay una apelación, y yo pierdo, que no lo espero, levanto esta cuestión. Y someto el caso a la corte, por tratarse de cuestiones de hecho."

Esta prueba, a la que no puede concederse gran importancia, pudo ser directa, y debió serlo dados los términos en que se planteó el litigio. No creemos que la negativa de su admisión fuera errónea, ni que ocasionara perjuicios al demandante, que ha presentado este extremo como error.

No encontramos se hayan cometido los errores señalados por las dos partes apelantes.

*Debe confirmarse la sentencia apelada.*