ARSENIO MARTÍNEZ CORTÉS, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, demandado.

*Número:* O-68-292      *Resuelto:* 13 de febrero de 1970

*Julio Williams Andino,* abogado del peticionario; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El presente caso pone de manifiesto la necesidad de que los jueces instructores den cumplimiento a los requisitos de ley para la determinación válida de causa probable, tanto para la expedición de una orden de arresto y la celebración de juicio a base de denuncia, Reglas 5 y 6 de Procedimiento Criminal, como para una acusación. Regla 23.

En el 1967 se enmendó la Regla 64 de Procedimiento Criminal [1] para proveer específicamente como fundamento para desestimar:

---

[1] Antes de la enmienda del 1967 el texto del inciso (p) de la Regla 64 leía:

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

En el caso de autos, como veremos, no se dio cumplimiento por el juez instructor a los requisitos establecidos en la Regla 5 para la determinación de causa probable, la cual es fundamento para desestimar según en el referido inciso (p) de la Regla 64, *supra*.

Vamos a los hechos. El peticionario fue acusado de conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Sección 5-801 Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041. Antes del juicio solicitó la desestimación de la acusación por el fundamento de que la determinación de causa probable era nula porque no se había examinado a ningún testigo que tuviera conocimiento personal de los hechos, según requiere la Regla 5 de Procedimiento Criminal.[2] El tribunal de instancia celebró una vista para considerar en los méritos la moción de desestimación. El Ministerio Público aceptó en dicha vista que el único testigo que aparecía en el formulario de la denuncia como examinado por el juez ins-

---

"(p) Que el fiscal ha presentado una acusación, o algún cargo de la misma, que imputa un delito grave (felony) sin que se hubiere determinado previamente causa probable por un magistrado."

[2] La Regla 5 dispone:

"La denuncia es un escrito firmado y jurado que imputa la comisión de un delito a una o a varias personas. Cualquier persona que tuviere conocimiento personal de los hechos que constituyen el delito imputado en la denuncia tendrá capacidad para ser denunciante. Los fiscales y los miembros de la Policía Estatal en todos los casos y otros funcionarios y empleados públicos en los casos relacionados con el desempeño de sus deberes y funciones, podrán, sin embargo, firmar y jurar denuncias cuando los hechos constitutivos del delito les consten por información y creencia, pero esta clase de denuncias servirá de base para la expedición de una orden de arresto o citación y para la celebración de un juicio únicamente cuando el magistrado hubiere hecho la determinación de causa probable que exige la Regla 6(a), *luego de haber examinado a algún testigo que tuviere conocimiento personal de los hechos.*" (Énfasis nuestro.)

tructor para determinar causa probable, no tenía conocimiento personal de los hechos imputados al peticionario. Presentó, sin embargo, el testimonio del juez instructor y del policía que investigó el caso para demostrar que se habían examinado otros testigos que tenían conocimiento personal de los hechos, aunque éstos no aparecían mencionados en la denuncia. La defensa refutó dicha prueba con el testimonio de los propios testigos que comparecieron a la vista preliminar. El juez de instancia no dio crédito ni a la prueba del Ministerio Público ni a la de la defensa expresando:

". . . no sabemos si creerle al señor policía o si creerle a los testigos Juan González Colón y María Elena Ramírez. Desafortunadamente el Hon. Juez Zequeira, que podía darnos alguna luz, no está presente. No habiéndose establecido fuera de duda de que el Hon. Juez no cumpliera con las disposiciones de la Regla Núm. 5, el tribunal no tiene otra alternativa que declarar sin lugar la moción de desestimación." T.E. pág. 73.(3)

En esencia, el tribunal de instancia apoyó su resolución en la presunción legal de que la ley ha sido acatada, Art. 464, Inciso 32, Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1887, descartando la prueba desfilada por el fiscal y la defensa por no merecerle crédito.

No se trata aquí de una simple cuestión de credibilidad, asunto en el cual no intervenimos o no debemos intervenir, sino de la aplicación de una presunción de ley para sostener una determinación de causa probable cuya eficacia fue puesta en duda por el testimonio del propio juez instructor que la dictaminó. Veamos:

■ El delito imputado al peticionario contiene dos elementos esenciales, la conducción del vehículo y el estado de embriaguez del acusado al momento de conducirlo. Prueba de ambos elementos, mediante el examen de testigos que tengan

---

(3) El Hon. Juez Zequeira, después de prestar testimonio, fue excusado del Tribunal y a esto se debe a que el juez de instancia hiciera la expresión anterior.

conocimiento personal de los hechos, es necesaria para una determinación válida de causa probable. Reglas 5 y 6 de Procedimiento Criminal. Ésta es precisamente la cuestión medular del caso. El juez de instancia determinó que se había presentado prueba de ambos elementos basándose, no en la prueba desfilada ante sí, que por no merecerle crédito la descartó, sino en la presunción legal antes aludida, la cual fue debidamente controvertida por el peticionario, según veremos a continuación.

En el formulario de la denuncia aparece el Sr. Francisco Pabón como único testigo examinado por el juez instructor para la determinación de causa probable. Es un hecho no disputado que este testigo no tenía conocimiento personal de los hechos imputados al peticionario. El juez instructor explicó esta incorrección a base de que puso el nombre de este testigo "para ganar tiempo". T.E. pág. 10. (⁴)

La prueba de estos errores era suficiente para controvertir la aludida presunción de ley, despojándola del carácter de presunta verdad, *Quiñones Carrasquillo* v. *Quiñones*, 42 D.P.R. 307, 308 (1931). En su consecuencia, correspondía al Ministerio Público demostrar que, independientemente de lo que dijera el formulario de la denuncia, se había cumplido con los requisitos de ley, específicamente con el requisito de las Reglas 5 y 6, *supra*, de que el juez instructor examinó algún testigo con conocimiento personal de los hechos sobre ambos elementos del delito imputado. Así lo entendió el Ministerio Público, pues no descansó en la presunción,

---

(⁴) No es éste el único error que aparece en el formulario. También se informa incorrectamente en dicho formulario que se determinó causa probable en ausencia del acusado, cuando en realidad es que éste estuvo todo el tiempo presente en la vista preliminar. Del mismo modo se marcó incorrectamente el encasillado que aparece al dorso del formulario de la denuncia en el que se indica que el acusado fue traído ante el Magistrado sin orden de arresto previa, cuando debió marcarse el encasillado inmediatamente anterior indicando que compareció mediante citación del funcionario de orden público, quien verificó la investigación del caso.

sino que presentó el testimonio del propio juez instructor y el del policía que investigó los hechos para demostrar que en adición al policía el juez instructor había examinado otros testigos con conocimiento personal de los hechos. El tribunal de instancia, como ya indicamos, no dio crédito alguno al testimonio del policía, quedando el récord para todos los efectos, huérfano de esta prueba. Tampoco el juez de instancia dio crédito alguno a la prueba de la defensa ni encontró luz alguna sobre el asunto en el testimonio del juez instructor. No tiene importancia que tampoco el juez de instancia diera crédito a los testigos del peticionario, pues, controvertida como fue la presunción, correspondía al Ministerio Público prevalecer por la preponderancia de su propia prueba, a la que no se le dio crédito.

▬ Lo dicho es suficiente para dejar sin efecto la resolución recurrida. Pero, es que además, el récord revela afirmativamente que el juez instructor determinó causa probable *únicamente* a base del testimonio del policía que investigó el caso, quien se acepta por todos que no tenía conocimiento personal de uno de los elementos del delito imputado, la conducción del vehículo. Oigamos al propio juez instructor:

FISCAL:

"P ¿Cómo se desarrollaron los procedimientos ese día?

R Pues, cuando me presentaron esta persona acusada de Infracción a la Ley 141, guiar en estado de embriaguez, para ganar tiempo inmediatamente yo puse uno de los nombres que aparece en la parte de la denuncia, que fue el señor Francisco Pabón y me refirió efectivamente que no tenía conocimiento de los hechos, pero el guardia Soto, que fue quien hizo el arresto o quien lo llevó a mi presencia me declaró a preguntas mías, que efectivamente el señor acusado expelía un olor muy fuerte a bebidas, no se podía sostener en pies y hablaba incoherentemente. Y este juez, sabiendo que la policía tiene experiencia con borrachos, pues eso fue lo que le indujo a determinar causa probable y así lo determinó, aunque no aparezcan en la acusación los nombres de las personas que se investigaron.

P ¿Ése fue el testigo que usted escuchó?

R *Correcto. Al que le di entero crédito y a base de eso fue que determiné causa probable.*

Esto es todo, Señor Juez.

HON. JUEZ:

Defensa.

LIC. WILLIAMS:

No hay preguntas para el Honorable Juez." T.E. págs. 10–11 (Énfasis nuestro.)

En un evidente esfuerzo por fortalecer el récord y sostener la determinación de causa probable, el juez de instancia preguntó directamente al juez instructor si el policía le había expresado de conocimiento propio si el peticionario estaba conduciendo el vehículo, y, el juez instructor contestó que no lo recordaba, razón por la cual no podía decirlo bajo juramento:

HON. JUEZ:

"P ¿Le expresó a usted el señor policía Ángel R. Soto de que de conocimiento propio el señor Arsenio Martínez Cortés era el que estaba conduciendo?

R Eso no lo recuerdo, Señor Juez, o no sé si pregunté a otra persona para ver si efectivamente estaba conduciendo o no. *Me parece que sí, pero no podría decirlo bajo juramento, porque no lo recuerdo con certeza.*" T.E. pág. 12 (Énfasis nuestro.)

En conclusión, el récord indica claramente que en la determinación de causa probable, el juez instructor no examinó testigo alguno con conocimiento personal de los hechos con respecto a uno de los elementos esenciales del delito imputado, al conducir el vehículo. Esta omisión es fatal, pues, inválida la determinación de causa probable por no haberse cumplido con los requisitos de ley.

*Se dejará sin efecto la resolución recurrida y se ordenará la desestimación de la acusación.*

El Señor Juez Presidente no intervino.