NARCISO RABELL MARTÍNEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MIGUEL MONTALVO, JUEZ, demandado.

*Número*: O-72-119          *Resuelto*: 1ro. de noviembre de 1973

*Graciany Miranda Marchand* y *José B. Díaz Asencio*, abogados del peticionario; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados del demandado.

PER CURIAM: El mismo día del juicio en este caso el peticionario verbalmente solicitó al tribunal de instancia la desestimación de la acusación aduciendo que: (a) no se le dio cumplimiento a la Regla 64 (n) (2) de Procedimiento Criminal por no celebrarse la vista preliminar dentro de los 60 días del arresto y (b) que el tribunal carecía de jurisdicción porque en la determinación de causa probable no se pasó prueba sobre todos los elementos del delito. El tribunal de instancia declaró sin lugar por tardía dicha moción.

El examen que hemos hecho de los autos nos convence que no incidió el tribunal al así actuar y que procede, por lo tanto, dejar sin efecto el auto expedido y devolver los autos para que se continúen los procedimientos.

La Regla 64 (n) (2) reconoce el derecho del apelante a que se presente acusación contra él dentro de los 60 días de su arresto a no ser que se demuestre justa causa para la demora. No se trata de un término jurisdiccional sino de una garantía del derecho a juicio rápido que el acusado puede renunciar expresa o implícitamente. *Ferrer* v. *Corte,* 60 D.P.R. 624 (1942). La moción invocando este término debe presentarse al momento de hacer alegación de no culpable o antes de alegar, según dispone la Regla 63 de Procedimiento Criminal; y debe ser formulada por escrito y firmada por el acusado o su abogado conforme lo exige la Regla 65. En el

caso de autos el apelante hizo caso omiso de estos requisitos. La moción se hizo verbalmente, el mismo día del juicio y cerca de dos años y medio después del acto de lectura de la acusación. Ello es motivo más que suficiente para denegarla como correctamente la denegó el tribunal de instancia. Pero es que, además, el récord revela hasta la saciedad que el apelante renunció expresa e implícitamente su derecho a un juicio rápido. Las múltiples suspensiones que provocó el apelante, tanto para la celebración de la vista preliminar como para vista del juicio constituyen justa causa para la demora habida. Véase a manera de ilustración las varias mociones del apelante solicitando la inhibición del juez instructor, la moción del 23 de julio de 1969 para que se dejara sin efecto la determinación de causa probable, la suspensión del señalamiento de la segunda vista preliminar del 11 de agosto de 1969 por enfermedad del apelante, la renuncia expresa del apelante a juicio rápido el día de la lectura de la acusación (Minuta de 29 de octubre de 1969, pág. 6, Autos), la suspensión del señalamiento del 25 de junio de 1970 por no estar preparado el apelante, la suspensión del 18 de noviembre de 1970 provocada por un recurso de *certiorari* instado por el apelante y denegado por este Tribunal, la suspensión del 9 de diciembre de 1970 por enfermedad del abogado del apelante, la suspensión del 6 de abril de 1971 por haber acudido el apelante a la Corte Federal y, finalmente, la suspensión del 7 de abril de 1972 en la cual el apelante expresó no estar preparado para juicio.

■ Tampoco tiene razón el planteamiento del apelante impugnando la validez de la determinación de causa probable. Su planteamiento ante el tribunal de instancia fue tardío ya que se formuló verbalmente el mismo día del juicio. *Cf. Pueblo* v. *Díaz Torres*, 89 D.P.R. 720 (1963).

*Martínez Cortés* v. *Tribunal Superior*, 98 D.P.R. 652 (1970), no es de aplicación al caso de autos. En dicho caso resolvimos que una determinación válida de causa probable

requería presentar testigos con conocimiento personal de los elementos esenciales del delito imputado. La determinación de causa probable goza, como toda determinación judicial, de la presunción legal de corrección. Art. 464, Cod. Enj. Civil, 32 L.P.R.A. sec. 1887. Tal presunción puede ser atacada por el acusado presentando prueba en contrario para destruir su carácter de presunta verdad. Para ello es necesario probar la existencia de errores fundamentales como se hizo en *Martínez Cortés*. Una vez controvertida la presunción el Ministerio Público viene obligado a establecer su validez mediante la preponderancia de su propia prueba. Ese es el alcance de lo resuelto en *Martínez Cortés* v. *Tribunal Superior*, supra. En el caso de autos nada se adujo ante el tribunal de instancia que diera base para controvertir la presunción, siendo tardía la moción de desestimación presentada el mismo día del juicio.

*Se deja sin efecto la expedición del auto y se devuelve el caso para que se continúen los procedimientos.*