Segarra Olivero, Juez Ponente
*1269 TEXTO COMPLETO DE LA SENTENCIA
El 13 de octubre de 1994, se formularon denuncias contra los peticionarios Damarys Padilla Collazo y Antonio González Vega por infracción a los Artículos 401 y 411 de la Ley de Sustancias Controladas, 24 L.P.R.A. sees. 2401 y 2411. El 5 de mayo de 1995 se celebró vista preliminar en la que se determinó causa probable para acusar por los delitos imputados. El 2 de junio de 1995 se celebró el acto de lectura de acusación, entregándosele a los peticionarios los pliegos acusatorios correspondientes.
El 22 de junio de 1995, ambos peticionarios presentaron oportunamente una moción al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. 54 (p), solicitando la desestimación de las acusaciones, por no haberse determinado las mismas con arreglo a la ley y al derecho. El Ministerio Público solicitó una prórroga de quince (15) días para exponer su posición frente a la moción de desestimación presentada por los peticionarios, la cual le fue concedida por el Tribunal de Primera Instancia.
A la fecha de los hechos que se imputan en las acusaciones, el peticionario González Vega se encontraba disfrutando de los beneficios de sentencia suspendida por otro caso relacionado con sustancias controladas. El Ministerio Público solicitó se le revocara finalmente la probatoria al peticionario González.
La vista final de revocación de probatoria de González, así como la vista para dilucidar las mociones de ambos peticionarios al amparo de la Regla 64 (p), fueron señaladas para el 10 de agosto de 1995. En la vista del 10 de agosto, el Tribunal de Primera Instancia pospuso para el próximo día la celebración de la vista final de revocación de probatoria de González Vega, y le concedió al Ministerio Público un término de cinco días laborables para fijar su posición en relación con la moción bajo la 64 (p), ya que no lo habían hecho dentro del término anteriormente concedido por el Tribunal. Además, se excusó a la peticionaria Damarys Padilla Collazo de comparecer a la vista del 11 de agosto de 1995, pues ese día se dilucidarían las cuestiones planteadas en la moción bajo la 64 (P).
No empece lo anterior, el Tribunal de Primera Instancia, en la vista celebrada el 11 de agosto de 1995, entró a considerar las mociones de desestimación bajo la 64 (p) y las declaró ambas sin lugar. La defensa solicitó la reconsideración, pero le fue denegada. De esta Resolución recurren ante nos los peticionarios, mediante certiorari, señalando la comisión del siguiente error:

"Cometió error de derecho el Honorable Tribunal de Primera Instancia, que amerita revocación, al declarar SIN LUGAR las mociones al amparo de la Regla 64 (p) de Procedimiento Criminal, radicadas por los peticionarios."

El 5 de octubre de 1995, este Tribunal emitió Resolución concediendo al Procurador General un plazo de treinta días para que mostrara causa por la cual no debía revocarse la resolución recurrida. El Procurador General ha comparecido. En su comparecencia admite que erró el Tribunal de Primera Instancia al declarar sin lugar las mociones de desestimación presentadas por los peticionarios, al *1270 amparo de la Regla 64 (p) de Procedimiento Criminal, en la vista celebrada el 11 de agosto de 1995, la cual fue señalada para atender la revocación final de la probatoria de González Vega. En adición, admite el Procurador General que erró el tribunal recurrido al considerar prueba adicional a la vertida en la vista preliminar para resolver las mociones de desestimación. Este Tribunal acoge los planteamientos esbozados por el Procurador General y una vez más encomiamos su actitud y la de su equipo de trabajo.
I
La Regla 64 (p) de las de Procedimiento Criminal,-34 L.P.R.A. Ap.- II R-(p),-establece que el imputado de delito podrá solicitar la desestimación de la acusación contra él radicada por el fundamento de que:
"... se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y al derecho."
El acusado puede atacar la determinación de causa probable, hecha en la vista preliminar o en la vista preliminar en alzada, y producir prueba en contrario a la presunción de corrección de la que goza la determinación de causa probable, Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796, 799 (1973), si el Ministerio Público no descarga cabalmente su deber de demostrar que probablemente se cometió el delito imputado o, que el acusado probablemente lo cometió. Pueblo v. Rivera Alicea,_ D.P.R._(1989), 89 J.T.S. 108; Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594-95 (1972). El mecanismo procesal que le provee en las Reglas de Procedimiento Criminal a todo acusado de delito para impugnar la determinación de causa probable es una moción de desestimación al amparo de la Regla 64 (p). La moción de desestimación bajo este inciso sólo procede cuando el acusado demuestre una situación de ausencia total de prueba en cuanto a la probabilidad de que se haya cometido el delito imputado, que no hay prueba sobre uno o todos los elementos del delito, o sobre la conexión del acusado con el delito imputado. Pueblo v. Rivera Alicea, supra; Vázquez Rosado v. Tribunal Superior, supra.
Presentada una moción para desestimar basada en la regla antes citada, el Tribunal puede, "en el ejercicio de su discreción señalar una vista para entender y recibir prueba, o puede rechazarla de plano si de su faz y de las constancias en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba". Pueblo v. Tribunal Superior, 104 D.P.R. 454, 459 (1975).
El análisis adecuado, para resolver una moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, requiere examinar la prueba de cargo y defensa vertida en la vista preliminar y la producida por el imputado durante la vista de desestimación. Pueblo v. Rivera Alicea, supra.
En el caso que nos ocupa, el Tribunal de Primera Instancia erró al dilucidar las mociones de desestimación, bajo la Regla 64 (p), en la vista programada para dirimir solamente la cuestión relacionada con la revocación de la probatoria del peticionario González Vega. El Tribunal suspendió la vista señalada para el 10 de agosto, en la cual se considerarían las mociones de desestimación, y determinó que al día siguiente se celebraría una vista para resolver lo relativo a la revocación de la probatoria, concediéndole además un término perentorio al Ministerio Público para que expusiera su posición frente a las mociones de desestimación presentadas por ambos peticionarios, y excusando a Damarys Padilla de comparecer a esa vista.
No obstante lo dispuesto por el Tribunal de Primera Instancia en lo relativo a las mociones de desestimación, durante la vista del 11 de agosto, señalada exclusivamente para discutir los planteamientos atinentes a la revocación de probatoria, el Tribunal entró a considerar las mociones de desestimación, y a declararlas sin lugar, sin contar con la comparecencia de la peticionaria Padilla quien había sido eximida de comparecer a esa vista por los motivos ya expuestos. Aun cuando el tribunal tiene discreción para señalar una vista para dilucidar la moción de desestimación o puede rechazarla de su faz, en el caso ante nos ya el tribunal había optado por el señalamiento de una vista.
De manera que el tribunal debió haberse atenido a su propio dictamen aplazando la consideración de este asunto hasta que el Ministerio Público cumpliera con la encomienda que le asignó el tribunal *1271 de exponer su posición frente a las mociones de desestimación, para luego celebrar la vista con la comparecencia de todas las partes. Coincidimos con el peticionario y con el Procurador General en que erró el tribunal sentenciador al entrar a considerar las mociones de desestimación en ausencia de la peticionaria. Igualmente errónea fue la decisión del tribunal recurrido de discutir la moción de desestimación del peticionario Antonio González Vega durante la vista del 11 de agosto convocada exclusivamente para examinar lo concerniente a la revocación de la probatoria del señor González.
En adición, erró el Tribunal de Primera Instancia al considerar prueba adicional a la vertida por el Ministerio Público y la defensa en la Vista Preliminar para declarar sin lugar las mociones de desestimación, en contravención a lo dispuesto por nuestro Tribunal Supremo en Pueblo v. Rivera Alicea, supra. Allí se estableció que para resolver adecuadamente una moción de desestimación, el tribunal de instancia tiene que examinar la prueba presentada por las partes en la vista preliminar, pues es en esta prueba en la que se basa la determinación de causa probable que luego se impugna, y la producida por el imputado en la vista de desestimación. Según surge del expediente ante nos, el Tribunal de Primera Instancia, al resolver adversamente a los peticionarios sus mociones de desestimación, evaluó la prueba presentada por el Ministerio Público para revocarle finalmente la sentencia suspendida al peticionario González. Esta prueba adicional, la cual no fue presentada por las partes en la vista preliminar, no podía ser considerada para desestimar las mociones. 
Acogemos la recomendación del Procurador General de que sea otro juez —diferente al que emitió la resolución recurrida— el que considere las mociones de desestimación presentadas, debido a que la juez recurrida ha estado en contacto con la prueba y ha evaluado la misma, por lo que, para salvaguardar los "postulados de imparcialidad y neutralidad en que se afianza nuestro sistema de justicia", Martínez Torres v. Amaro Pérez, 116 D.P.R. 717, 732 (1985), es imperativo que sea otro juez quien evalúe las referidas mociones.
Por todo lo anteriormente expuesto, se expide el auto solicitado, se revoca la resolución recurrida y se devuelve el caso al foro de instancia para que otro juez, distinto al que emitió el dictamen recurrido, determine si procede la celebración de una vista para dilucidar las mociones de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal y, de celebrarse la misma, se resuelva ésta examinando la prueba vertida en la vista preliminar y la presentada por la defensa en la vista de desestimación.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 322
1. Según se desprende del expediente ante nos, la prueba ofrecida por el Ministerio Público en la vista preliminar consistió en el testimonio del agente Jorge Irizarry Rodríguez. La defensa presentó, en la vista preliminar, el testimonio del Sr. Francisco Maldonado Bonilla, y el del policía municipal Carlos Almodóvar Cruz, quienes declararon que en el momento en que alegadamente se cometieron los hechos imputados el peticionario González Vega se hallaba en un torneo de baloncesto. En la vista final de revocación de probatoria de González Vega, el Ministerio Público presentó al agente Jorge Irizarry Rodríguez, al agente Julio E. Araud, y al oficial probatorio José Fernández.