EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>      v.<br><br>Joaquín Rueda Lebrón<br><br>    Recurrido | Certiorari<br><br>2012 TSPR 176<br><br>187 DPR ____ |

Número del Caso: CC-2011-796

Fecha: 16 de noviembre de 2012

Tribunal de Apelaciones:

        Región Judicial de Ponce, Panel VII

Oficina de la Procuradora General:

        Lcda. Zaira Z. Girón Anadón
        Subprocuradora General

        Lcdo. Reinaldo Camps del Valle
        Procurador General Auxiliar

Abogado de la Parte Recurrida:

        Lcdo. Carlos García Morales

Materia: Procedimiento criminal – determinación de causa para arresto en ausencia

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.

Joaquín Rueda Lebrón

    Recurrido

Certiorari

CC-2011-0796

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 16 de noviembre de 2012.

¿El hecho de que el Ministerio Público no escriba en la boleta de autorización las razones para someter el caso ante un magistrado para la determinación de causa para arresto en ausencia, acarrea irremediablemente la desestimación de las denuncias contra el imputado? Luego de estudiar detenidamente el expediente de autos y las circunstancias aquí contenidas, resolvemos que ello no conlleva la desestimación automática de las denuncias. No obstante, concluimos que la mejor práctica es que el fiscal consigne en la boleta de autorización, o el magistrado en las

denuncias, las justificaciones para atender el caso sin cita previa al sospechoso.

I

Por hechos alegadamente ocurridos el 22 de enero de 2010 y el 31 de marzo de 2010, contra el Sr. Joaquín Rueda Lebrón se determinó causa probable para arresto en ausencia por dos infracciones al Art. 406 (tentativa y conspiración) y otras dos al Art. 411-A (introducción de drogas en escuelas o instituciones) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la Ley de Sustancias Controladas de Puerto Rico. 24 L.P.R.A. secs. 2406 y 2411a. Surge de la boleta del fiscal para autorizar la presentación del caso en ausencia, que varios agentes del Negociado de Investigaciones Criminales (NIE) acudirían como testigos ante la presencia de un magistrado.[1]

Luego de indagar la información ofrecida por los testigos, el Tribunal de Primera Instancia determinó causa probable para arresto contra el señor Rueda Lebrón por todos los cargos imputados. En las denuncias se anotó que la magistrada examinó a los testigos que siguen: (1) Agte. Hiram Soto, quien testificó bajo juramento y además ofreció una declaración jurada; (2) Agte. Edwin Adorno, quien testificó bajo juramento; (3) NIE-P-2006-001 (informante); (4) Agte. Miguel Román, y (5) Agte. Ángel Díaz. Estos últimos tres ofrecieron declaraciones juradas. Cuatro de los cinco testigos tenían conocimiento personal del alegado hecho delictivo, y el restante información o creencia.

---

[1]Boleta de autorización para someter el caso a un magistrado, 30 de septiembre de 2010, Apéndice, pág. 49.

Además de lo anterior, la jueza también hizo relación a un memorando de prueba de campo y a un mapa.[2]

Posteriormente, la defensa del señor Rueda Lebrón solicitó la desestimación de las denuncias. Alegó que la jueza que presidió la vista para la determinación de causa probable para arresto no inquirió sobre las razones para celebrarla en ausencia. La defensa aparenta fundamentar esa aseveración en el hecho de que en las denuncias la jueza "únicamente hizo constar que el acusado no estuvo presente y que se determinó causa probable para su arresto".[3] De igual forma, alegó que era necesario que se citara al señor Rueda Lebrón a la referida vista, pues de las propias denuncias surgía la dirección residencial de éste.

El Ministerio Público presentó una moción en oposición a la desestimación.[4] En ella sostuvo que las denuncias presentadas en ausencia contra el señor Rueda Lebrón respondieron a una investigación confidencial realizada por agentes encubiertos y un informante del NIE. Además, informó que como parte de la investigación confidencial se presentaron 34 denuncias contra 12 sospechosos por infracción a la Ley de Sustancias Controladas. Alegó que las denuncias se interpusieron en ausencia del imputado

---

[2]Véase <u>Denuncias</u>, Apéndice, págs. 45-48.

[3]<u>Moción solicitando desestimación ante el Tribunal de Primera Instancia</u>, 5 de noviembre de 2010, Apéndice, pág. 50.

[4]Véase <u>Moción en oposición a solicitud de desestimación</u>, de 15 de noviembre de 2010, presentada por el Ministerio Público ante el Tribunal de Primera Instancia, Apéndice, págs. 53-57.

debido a que resultaba oneroso para el Estado citar previamente a los 12 imputados sin que se afectara la investigación confidencial, y sin poner en riesgo la vida y seguridad de los agentes encubiertos y del informante del NIE. Añadió que todos los sospechosos realizaban las transacciones dentro de residenciales públicos y que éstas fueron grabadas en video. En particular, el Ministerio Público explicó que toda esta información le fue ofrecida a la jueza que celebró la vista de causa probable para arresto, quien, en efecto, inquirió sobre las razones que justificaban tramitar el asunto sin citar al sospechoso a la vista. Por último, el Ministerio Público alegó que la naturaleza de la intervención estaba comprendida bajo el palio de excepciones contempladas en Pueblo v. Rivera Martell, 173 D.P.R. 601 (2008), que permiten celebrar en ausencia la vista de causa probable para arresto.

Luego de evaluar las respectivas posturas de las partes, el 25 de febrero de 2011, notificada el 8 de marzo de 2011, el Tribunal de Primera Instancia emitió una resolución mediante la cual denegó la solicitud de desestimación.[5] Expresó ese foro que del expediente surgía claramente que se imputaron transacciones con agentes encubiertos, lo que constituía una de las excepciones

---

[5]Resolución del Tribunal de Primera Instancia, de 25 de febrero de 2011, Apéndice, pág. 60.

mencionadas en <u>Pueblo v. Rivera Martell</u>, *supra*, para determinar causa para arresto en ausencia.[6]

Inconforme con la negativa del tribunal en desestimar las denuncias aquí en controversia, el 1 de abril de 2011, el señor Rueda Lebrón presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Fue en esta ocasión en que señaló que el fiscal no consignó en la boleta para someter el caso el alegado hecho de que se trataba de una investigación realizada por agentes encubiertos, de forma tal que se justificara celebrar la vista en ausencia. La defensa solicitó que se desestimaran las denuncias y se remitiera el caso al foro primario para la celebración de una nueva vista de determinación de causa para arresto.

En respuesta, el Ministerio Público, representado por la Oficina del Procurador General, reiteró que la jueza que determinó causa para arresto en ausencia conocía y aceptó las justificaciones del Ministerio Público antes de arribar a su decisión. Ello, aunque éstas no surgieran de la boleta de autorización del fiscal para someter el caso en ausencia o de las denuncias. Además, el Estado sostuvo que ello no es un requisito procesal reconocido por nuestro ordenamiento jurídico que impida la celebración de la vista en ausencia.

_____

[6]Cabe mencionar que ya para esa fecha el foro primario había celebrado la vista preliminar el 25 de enero de 2011. En ésta se encontró causa probable para acusar al señor Rueda Lebrón por infracción al Art. 411-A de la Ley de Sustancias Controladas, *supra*. Apéndice, pág. 21. No se encontró causa para acusarle por infracción al Art. 406 de la misma ley. Íd. Véanse: <u>Pueblo v. Rivera Rodríguez</u>, 150 D.P.R. 428, 437 (2000); <u>Pueblo v. Jiménez Cruz</u>, 145 D.P.R. 803, 815 (1998).

Posteriormente, el Tribunal de Apelaciones emitió una sentencia mediante la cual revocó el dictamen del Tribunal de Primera Instancia y ordenó la desestimación de las denuncias. Señaló ese foro que el fiscal no consignó en la boleta de autorización para someter el caso, ni la magistrada en las denuncias, las justificaciones para celebrar la vista de causa para arresto en ausencia. En consecuencia, concluyó que en la vista no hubo explicación alguna al respecto. Además, el foro apelativo intermedio entendió que Pueblo v. Rivera Martell, *supra*, requiere que el magistrado que oficia la vista de causa probable para arresto en ausencia establezca por escrito en ese momento los fundamentos para la celebración de tal audiencia.

Luego de varios trámites procesales, el Ministerio Público acudió ante nos mediante un recurso de *certiorari*. Planteó que no procedía la desestimación de las denuncias bajo el fundamento de que la justificación para celebrar la vista de causa para arresto en ausencia debía surgir de la boleta de autorización para someter el caso o de las denuncias. Además, alegó que la determinación de causa probable para acusar subsanó todo error que pudiera haber ocurrido en la determinación de causa probable para el arresto.

Examinado el recurso, expedimos el auto solicitado. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

En nuestro ordenamiento jurídico toda acción penal comienza con la determinación de causa probable para arresto o citación.[7] Tan pronto ocurre esa determinación, el tribunal adquiere jurisdicción sobre el imputado y éste queda sujeto a responder por la comisión del delito.[8]

La Constitución de Puerto Rico exige que para expedir una orden de arresto exista una determinación de causa probable por parte de un magistrado, la cual esté apoyada en juramento o afirmación.[9] La orden que a esos fines se emita debe ser específica en cuanto a la persona que será objeto de ésta.[10]

Los pormenores de la determinación de causa probable para arresto se encuentran en la Regla 6 de Procedimiento Criminal.[11] Para arribar a la mencionada determinación el

---

[7] Pueblo v. Sustache Sustache, 176 D.P.R. 250, 315 (2009); Pueblo v. Irizarry, 160 D.P.R. 544, 555 (2003); Pueblo v. Jiménez Cruz, supra, pág. 809.

[8] Pueblo v. Irizarry, supra, pág. 555.

[9] Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 326. Similar exigencia contiene la Enmienda IV de la Constitución de Estados Unidos. Const. E.U., Enm. IV, U.S.C.A. Const.

[10] Pueblo v. Irizarry, supra, págs. 555-556.

[11] 34 L.P.R.A. Ap. II. Con posterioridad a los incidentes procesales aquí en controversia, y recientemente, la Asamblea Legislativa aprobó la Ley Núm. 281-2011 para reconocer expresamente las facultades y la discreción que posee el Ministerio Público para presentar cargos en ausencia cuando entienda que existen circunstancias justificadas. Aplicamos el texto de la regla antes de la referida enmienda, por ser el que rige la presente causa. Éste dispone, en lo concerniente, lo siguiente:

magistrado puede considerar: "la denuncia jurada, las declaraciones juradas que se incluyan con ésta o el examen bajo juramento del denunciante o sus testigos, así como cualquier combinación de estos factores, e incluso, sin necesidad de una denuncia, cuando se presente bajo juramento el testimonio de algún testigo con conocimiento personal del hecho delictivo".[12] También se puede fundamentar la mencionada determinación en declaraciones hechas por información o creencia cuando éstas gozan de suficientes garantías de confiabilidad. Lo importante es

---

Regla 6. Orden de arresto a base de una denuncia

(a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.

El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo. […]

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor. 34 L.P.R.A. Ap. II (2004).

[12] Pueblo v. Sustache Sustache, *supra*, págs. 315-316.

que se le provea suficiente información al magistrado para que éste pueda inferir la probabilidad de que se ha cometido un delito y que el imputado lo cometió.[13] Debe quedar claro que en esta etapa no es necesario establecer categóricamente la existencia de responsabilidad.[14] Ello responde a que la determinación de causa probable para el arresto no constituye una adjudicación final del caso, pues en ésta no se establece la culpabilidad o inocencia del sospechoso.[15]

De otra parte, además de los requisitos constitucionales enumerados en la Regla 6, *supra*, dicha disposición contiene ciertos derechos a favor de los imputados concedidos por vía legislativa. Por ejemplo, la Regla 6, *supra*, establece que en la determinación de causa probable para el arresto el imputado tiene el derecho de estar asistido por abogado, a contrainterrogar testigos y a ofrecer prueba a su favor. Sin embargo, esos derechos no son absolutos. La vista para determinar causa probable para el arresto puede celebrarse en ausencia del imputado.[16] En

---

[13]Íd., pág. 316.

[14]Íd.

[15]Íd. En el pasado hemos expresado que la vista para determinar si existe causa para arresto no goza del alcance y la formalidad de una vista preliminar, y tampoco es un mini juicio. Pueblo v. North Caribbean, 162 D.P.R. 374, 381-382 (2004).

[16]Íd., págs. 381-383; Pueblo v. Irizarry, *supra*, pág. 560; Pueblo v. Rodríguez López, 155 D.P.R. 894, 904 (2001).

estas audiencias, por lo general, el sospechoso no está presente.[17] La presencia de éste es la excepción.[18]

Los derechos otorgados por la Regla 6, *supra*, sólo se activan si la determinación de causa para el arresto se hace en presencia del imputado.[19] Y en esos casos, aun cuando el imputado esté presente, estos derechos no son absolutos, "sino limitados y sujetos a la discreción del tribunal".[20]

En particular sintonía con la controversia que nos ocupa, en Pueblo v. Rivera Martell, *supra*, el fiscal se negó a exponer sus razones para someter los casos sin citar a los imputados a la determinación de causa para el arresto, pese a la solicitud expresa del magistrado a esos fines. Resolvimos en esa ocasión que la decisión de si procede citar al imputado a la vista de determinación de causa para el arresto recae en el magistrado y no en el fiscal. Se debe procurar citar al sospechoso a la vista de causa para arresto, pero existen circunstancias que justifican el no hacerlo.[21] **Sin que constituya un listado taxativo, se puede celebrar la vista de causa para el arresto en ausencia en las siguientes circunstancias: (1)**

---

[17]D. Nevares-Muñiz, Sumario de Derecho Procesal Penal puertorriqueño, 8va ed., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2007, pág. 45; E.L. Chiesa, Procedimiento Criminal: Etapa Investigativa, Publicaciones J.T.S. 2006, sec. 4.7(A), pág. 168.

[18]Pueblo v. Irizarry, *supra*, pág. 560.

[19]Íd., pág. 564.

[20]Íd.

[21]Pueblo v. Rivera Martell, *supra*, págs. 615-616.

**cuando se pretenden realizar arrestos en serie; (2) "cuando un operativo haya dado lugar a denuncias múltiples que hagan muy oneroso para el Estado citar previamente a todos los imputados";[22] (3) cuando ello evite que se malogre una investigación en curso; (4) "cuando la seguridad de las víctimas o los testigos aconsejan que se celebre el proceso en ausencia del imputado";[23] o (5) cuando la persona no pudo ser localizada pese al esfuerzo realizado.[24]**

Del mismo modo, en <u>Pueblo v. Rivera Martell</u>, *supra*, expresamos lo siguiente:

> [D]ado que la determinación de causa probable la hace el magistrado, y toda vez que éste tiene la obligación de velar que no se menoscaben los derechos del imputado, **es él quien debe decidir caso a caso sobre la necesidad de que la vista se celebre en ausencia del imputado. Es decir, es el magistrado quien debe pasar juicio y determinar con finalidad la suficiencia de las justificaciones ofrecidas por el Ministerio Público para no haber citado al imputado a la vista correspondiente.** Y es que no podía ser de otra forma, toda vez que para garantizar la aplicación de los principios fundamentales en los que descansa nuestro ordenamiento, tanto el derecho constitucional como el estatutario requieren la intervención de la figura neutral del magistrado. Véase Const. del E.L.A., Art. II, Sec. 10; Const. E.U. Enm. IV, Regla 6 de Procedimiento Criminal, *supra*.[25]

Es incuestionable que el magistrado tiene la facultad y el deber de dirigir el proceso.[26] Claro está, el Ministerio Público tiene la libertad de escoger la forma en

---

[22]Íd., pág. 616. (Énfasis nuestro.)

[23]Íd. (Énfasis nuestro.)

[24]Íd.

[25]Íd., págs. 616-617. (Énfasis nuestro.)

[26]Íd., pág. 617.

que somete su caso, siempre sujeto a los límites de la Regla 6, *supra*.[27] Además, la explicación que ofrezca el fiscal sobre la conveniencia de citar o no a un sospechoso de delito a la determinación de causa para el arresto merece amplia deferencia judicial.[28] Pero siempre la determinación final recaerá en el propio juicio del magistrado, a la luz de la totalidad de las circunstancias.[29]

### III

El Ministerio Público alega que el Tribunal de Apelaciones incidió al desestimar las denuncias por el fundamento de que las razones para celebrar la vista de causa probable para el arresto, en ausencia del sospechoso, no fueron incluidas por el fiscal en la boleta de autorización para someter el caso, ni por la magistrada en las denuncias.

De la boleta de autorización cumplimentada por el fiscal para someter el caso sin citar al sospechoso, surge que se autorizó a varios agentes encubiertos del NIE a presentarse ante un magistrado. Éstos así lo hicieron. Igualmente, de las denuncias surge claramente que antes de concluir que existía justa causa para el arresto, la jueza examinó las declaraciones de cinco testigos —cuatro agentes del NIE y un informante—, de los cuales cuatro tenían conocimiento personal del alegado hecho delictivo —incluido

---

[27]Íd.; <u>Pueblo v. Irizarry</u>, *supra*, pág. 565.

[28]<u>Pueblo v. Rivera Martell</u>, *supra*, pág. 618.

[29] Íd.

el informante— y otro poseía conocimiento por información o creencia. La magistrada también tuvo ante sí el memorando de la prueba de campo y la representación geográfica de cierta área por medio de un mapa. Al evaluar la información que se le ofreció, la magistrada determinó que existía causa probable para el arresto del señor Rueda Lebrón por infracciones a la Ley de Sustancias Controladas, sin necesidad de cita previa.

La defensa plantea que como no se consignaron en ese momento por escrito las razones por las cuales no se citó al sospechoso, la jueza no recibió justificación alguna. Por su parte, el Ministerio Público insiste en que la jueza inquirió sobre las razones y que éstas le fueron brindadas. Luego de estudiar con detenimiento el caso de marras, no podemos suscribir el razonamiento de la defensa. Según intimado, de las denuncias surgen claramente los testigos, las declaraciones juradas y el resto de la evidencia que examinó la jueza para determinar que en este caso existía causa para el arresto sin necesidad de cita. Resultaría inverosímil sostener que luego de evaluar las declaraciones de los agentes encubiertos y del informante del NIE que formaron parte de una investigación confidencial, la magistrada no pudiera obtener la creencia razonable de que existían suficientes razones para no citar al sospechoso. Precisamente, ese es el alcance de Pueblo v. Rivera Martell, *supra*, en el cual resolvimos que es el magistrado quien pasa juicio y determina la finalidad de la suficiencia de las justificaciones para no citar al

sospechoso a la vista de causa para el arresto, y no el fiscal ──aunque sus explicaciones sean objeto de amplia deferencia──.[30]

Aunque la mejor práctica es que el fiscal consigne en la boleta de autorización las razones que justifican no citar al sospechoso, se puede sostener una determinación de causa para el arresto en ausencia si del expediente surge suficiente información que permita concluir razonablemente que el magistrado recibió las justificaciones en cuestión.

En el caso de marras, ante la determinación de la magistrada en el sano ejercicio de su discreción, de atender el caso en ausencia luego de examinar todas las declaraciones y evidencia mencionadas, no podemos concluir sin más que la falta de apunte sobre las justificaciones implique la inexistencia de éstas ante el raciocinio de la jueza. Si la defensa no estuvo presente en la determinación de causa para el arresto en ausencia, ¿cómo puede afirmar que la magistrada no recibió las justificaciones requeridas? Ciertamente, las circunstancias de este caso impiden saltar a la conclusión propuesta por la defensa. Máxime cuando la determinación de causa probable, al igual que toda determinación judicial, goza de una presunción legal de corrección.[31] En síntesis, el mero hecho de que la

---

[30]En <u>Pueblo v. Rivera Martell</u>, *supra*, no establecimos una norma que exigiera que se consignaran por escrito las circunstancias excepcionales allí reconocidas para celebrar la vista de causa para el arresto sin cita al sospechoso.

[31]<u>Pueblo v. Andaluz Méndez</u>, 143 D.P.R. 656, 662 (1997); <u>Pueblo v. Rivera Alicea</u>, 125 D.P.R. 37, 42 (1989); <u>Rabell Martínez v. Tribunal Superior</u>, 101 D.P.R. 796, 799 (1973).

jueza no anotara en las denuncias las razones sobre las circunstancias excepcionales, o el fiscal no las apuntara en la boleta, no significa que la magistrada no haya recibido suficiente información que justificara su proceder, o que no fuera ella quien dirimió el asunto.

Nótese que a diferencia de los hechos que motivaron nuestra decisión en Pueblo v. Rivera Martell, *supra*, en el cual el fiscal se negó rotundamente a ofrecer las justificaciones particularizadas, en el caso de autos el Ministerio Público, desde la primera vez en que la defensa levantó su planteamiento, ha brindado todas las razones que derrotan el planteamiento en cuestión. En particular, el Ministerio Público informó que la acción contra el señor Rueda Lebrón respondía a una investigación confidencial en la que participaron agentes encubiertos y un informante del NIE; que como parte de esa investigación confidencial se presentaron 34 denuncias contra 12 sospechosos por infracciones a la Ley de Sustancias Controladas —esto es: múltiples denuncias—; y que cursar cita previa al señor Rueda Lebrón resultaría oneroso al Estado en la medida en que afectaría la investigación confidencial y pondría en riesgo la vida y seguridad de los agentes encubiertos y del informante del NIE. Esas circunstancias justifican la celebración de la vista de causa probable para el arresto en ausencia del entonces sospechoso, y hoy acusado, pese a que el Estado tuviera la dirección residencial de éste.[32]

---

[32]Véase Pueblo v. Rivera Martell, *supra*.

IV

Por los fundamentos antes expuestos, revocamos la resolución recurrida y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de manera cónsona con lo aquí resuelto.

Se dictará sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.

Joaquín Rueda Lebrón

    Recurrido

CC-2011-0796   Certiorari

SENTENCIA

San Juan, Puerto Rico, a 16 de noviembre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de manera cónsona con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Presidente señor Hernández Denton, la Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco concurren con el resultado sin opiniones escritas.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo, Interina