EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        v.<br><br>North Caribbean Electric<br><br>    Recurrido | Certiorari<br><br>2004 TSPR 113<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2003-428

Fecha: 30 de junio de 2004

Tribunal de Circuito de Apelaciones:

> Circuito Regional III

Juez Ponente:
> Hon. Ismael Colón Birriel

Oficina del Procurador General:

> Lcdo. Roberto J. Sánchez Ramos
> Procurador General

> Lcda. Marta Maldonado Maldonado
> Procuradora General Auxiliar

Abogados de la Parte Recurrida:

> Lcda. Margarita Carrillo Iturrino
> Lcdo. George Mottley Flores

Materia: Infracción al Art. 23 de la Ley 115 de 2 de junio de 1976

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Peticionario

      v.
                                CC-2003-428
North Caribbean Electric

    Recurrido



Opinión del Tribunal emitida por la Jueza Presidenta Señora NAVEIRA MERLY


San Juan, Puerto Rico a 30 de junio de 2004

En el presente recurso debemos resolver si un tribunal carece de jurisdicción para determinar causa probable en alzada contra un imputado por el hecho de que éste fuera citado a la vista por el ministerio público. Examinemos los hechos que dieron lugar a la controversia de marras.

I

El 20 de noviembre de 2002 se presentaron nueve (9) denuncias contra North Caribbean Electric (en adelante North Caribbean) y nueve (9) personas más por alegadas infracciones al Art. 23 de la Ley Núm. 115 de 2 de junio de 1976, según enmendada, 26 L.P.R.A. sec. 2722. El foro de instancia determinó

no causa probable para arresto contra North Caribbean, no así para los demás imputados. El juicio quedó señalado para el 21 de enero de 2003. En esa fecha comparecieron los nueve (9) imputados y North Caribbean, aunque no como imputada de delito.

Posteriormente, el ministerio público, representado por el Fiscal de Distrito de Arecibo, suscribió una citación dirigida a North Caribbean para que compareciera el día 3 de febrero de 2003 a la sala de investigaciones del Tribunal de Primera Instancia para someter en alzada las mismas denuncias en las cuales no se determinó causa probable.[1] En la vista señalada North Caribbean, a través de su representación legal, y sin someterse a la jurisdicción, planteó que el tribunal carecía de jurisdicción debido a que la citación a dicha vista no fue expedida por autoridad judicial, conforme a lo establecido en la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

El foro de instancia denegó el planteamiento de falta de jurisdicción y determinó causa probable para el arresto de la imputada. El juicio quedó señalado para el 18 de marzo de 2003.

Inconforme con dicha determinación, el 4 de marzo de 2003 North Caribbean presentó un recurso de *certiorari* ante el entonces Tribunal de Circuito de

---

[1] La referida citación contiene la siguiente disposición: "SI USTED NO COMPARECE SE LE PODRÁ PROCESAR POR UNA INFRACCIÓN A LA LEY NÚM. 3, APROBADA 18 DE MARZO DE 1954".

Apelaciones (en adelante Tribunal de Apelaciones). Luego de la presentación del recurso, solicitó la paralización de los procedimientos en el foro de instancia. El Tribunal de Apelaciones acogió el recurso y paralizó los procedimientos ante instancia. El 29 de abril de 2003 el tribunal apelativo intermedio declaró nula la determinación de causa probable emitida por el foro de instancia y concluyó que "el Tribunal de Primera Instancia nunca adquirió jurisdicción sobre North Caribbean, por lo que su determinación de causa probable era contraria al debido proceso de ley sin consecuencia alguna". Señaló que habiendo sida expedida la citación por el Fiscal de Distrito de Arecibo, ésta era contraria a las disposiciones de la Regla 6(c) de Procedimiento Criminal, *supra*.

Inconforme con este proceder, el Pueblo, representado por el Procurador General, presentó ante nos una petición de *certiorari* en la que alegó que se habían cometido los siguientes errores:

1. Incidió el Tribunal de Circuito de Apelaciones al invalidar una determinación de causa probable para arrestar por el exclusivo fundamento de que el tribunal no citó al imputado cuando: (i) el imputado fue citado por el Ministerio Público y compareció a la vista, y (ii) las vistas de causa para arresto y causa para arresto en alzada se pueden realizar en ausencia del imputado, por lo cual la citación del imputado en ese contexto no es obligatoria y mucho menos jurisdiccional.

2. Incidió el Tribunal de Circuito de Apelaciones al aplicar, por analogía, a la vista de causa para arresto o citación en alzada (Regla 6(c) de Procedimiento Criminal)

los requisitos de citación para una vista preliminar en alzada (Regla 24(c) de Procedimiento Criminal).

El 13 de agosto de 2003 acogimos el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

La determinación de causa probable para arresto constituye una exigencia constitucional. Art. II, Sec. 10 de la Constitución de Puerto Rico, L.P.R.A., Tomo I; Enm. IV, Const. E.U., L.P.R.A., Tomo I; *Pueblo v. Jiménez Cruz*, 145 D.P.R. 803, 809 (1998); *Pueblo v. Irizarry Quiñones*, *et al.*, op. de 5 de noviembre de 2003, 2003 TSPR 160.

La Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, establece el procedimiento para la determinación de causa probable para arresto. Dicha Regla dispone, en lo aquí pertinente, lo siguiente:

> a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando

hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.

El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo.

. . . .

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor.

La referida regla ha sufrido varias enmiendas a través de los años. El tercer párrafo en el inciso (a) de esta Regla fue introducido por la Ley Núm. 29 de 19 de junio de 1987. Con esta enmienda se pretendía eliminar la vista preliminar cuando en la vista de causa probable para arresto el imputado era asistido por un abogado y el magistrado examinaba algún testigo con conocimiento personal de los hechos imputados. Así, la vista de causa probable para arresto se convirtió en una especie de "vista preliminar híbrida" en la que se combinaba la determinación de causa probable para arresto con la determinación de causa probable para acusar. El derecho a la vista preliminar quedó limitado a aquellos casos en los que el imputado no comparecía a la vista de determinación de causa probable para

arresto, lo hacía sin estar asistido por un abogado o no se presentaban testigos con conocimiento personal de los hechos. *Pueblo v. Rivera Rivera*, 145 D.P.R. 366, 372-373 (1998); *Pueblo v. Rivera y Rodríguez*, 122 D.P.R. 862, 875 (1988).

Ese esquema tuvo el efecto de que el imputado de delito grave prefería no comparecer a la vista de determinación de causa probable para arresto y, si lo hacía, no iba acompañado de abogado. Así, garantizaba su derecho a la vista preliminar. Ante esta situación la Asamblea Legislativa aprobó la Ley Núm. 26 de 8 de diciembre de 1990, mediante la cual eliminó dicho esquema y revirtió el procedimiento al que imperaba antes de 1987. No obstante, los derechos reconocidos al imputado en la vista de causa probable para arresto no fueron eliminados. En *Pueblo v. Jiménez Cruz*, 145 D.P.R. 803, 812 (1998), señalamos lo siguiente en cuanto a la redacción de la Regla 6:

> ...dicha Regla da la impresión de que el imputado puede reclamar el derecho absoluto a estar presente en esa vista, a contrainterrogar testigos en su contra y a ofrecer prueba a su favor; en cuyo caso, la vista se convertiría en un procedimiento adversativo similar al juicio. Dicha interpretación es incompatible con la disposición de la Regla 6 de Procedimiento Criminal, *supra*, la cual autoriza la celebración de una vista en ausencia del imputado. Se ha sugerido la eliminación de este párrafo al ser contrario con la intención legislativa. (Citas omitidas.)[2]

---

[2] Véase además *Pueblo v. Irizarry Quiñones*, *supra*.

Por esta razón, en la etapa de la Regla 6(a), los derechos establecidos en el tercer párrafo sólo se reconocen cuando el imputado comparece a la vista acompañado de un abogado.

Lo anterior quedó establecido cuando se trata de una vista de causa probable para arresto. En nuestra opinión nada impide que en el caso de una vista de causa probable en alzada se siga un procedimiento igual. Es decir, una vista de causa probable en alzada también se podrá llevar a cabo a pesar de la ausencia del imputado. Veamos.

Recientemente nos expresamos en torno a las exigencias constitucionales que deben ser observadas en una vista de causa probable para arresto. Reiteramos que "lo importante es que ... se provea al magistrado los elementos para que éste pueda inferir la probabilidad de que: 1) se cometió determinado delito; y 2) el delito fue cometido por la persona contra la cual se determina causa probable". *Pueblo v. Irizarry Quiñones*, *supra*, citando a Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. I, Ed. Forum, 1991, pág. 29. Señalamos, además, que "la otra exigencia constitucional ... es que la determinación de causa probable esté apoyada en declaraciones bajo juramento o afirmación". Tales declaraciones juradas pueden surgir de la denuncia jurada, de declaraciones juradas acompañadas con la

denuncia, o del testimonio bajo juramento del denunciante o un testigo durante la vista.

Como vemos, lo esencial es que estas exigencias sean observadas, independientemente de que esto se haga en ausencia del imputado. Lo que no debe ocurrir, y lo que se intenta evitar, es que la vista de determinación de causa probable para el arresto adquiera el alcance y formalidad de una vista preliminar o se convierta en un "mini juicio". Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. III, Ed. Forum, 1995, pág. 27; *Pueblo v. Irizarry Quiñones*, *supra*. A diferencia de la vista preliminar, en la que se requiere citar al imputado, en la vista de causa probable en alzada no existe tal requisito. La vista preliminar es un procedimiento más formal y en el que el imputado tiene más derechos que en el procedimiento de determinación de causa probable. *Pueblo v. Rivera Rivera*, 141 D.P.R. 121, 130 (1996), citado a Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. III, Ed. Forum, 1993, pág. 48. Por esa razón, el legislador quiso garantizar que el acusado sea citado a la vista por lo menos cinco (5) días antes de su celebración. Regla 23 de Procedimiento Criminal, *supra*. Este requisito no fue incluido en la Regla 6. Tampoco lo hemos reconocido jurisprudencialmente.

Por otro lado, es requisito indispensable del debido proceso de ley que el imputado sea citado previa y

adecuadamente para que el tribunal adquiera jurisdicción sobre el imputado en la vista preliminar en alzada. *Del Toro Lugo v. E.L.A.*, 130 D.P.R. 973, 992 (1994); *Pueblo v Félix Avilés*, 128 D.P.R. 468, 476 (1991). Ahora bien, en el caso de la vista de causa probable en alzada, el inciso C de la Regla 6 dispone que el magistrado una vez tenga ante sí una solicitud del fiscal para someter un caso nuevamente, en caso de haberse determinado no causa o causa por un delito menor, éste podrá expedir u ordenar al secretario del tribunal que expida una citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados. A tales efectos, el inciso (c) de la Regla 6 lee como sigue:

> (c) Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna. En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. **El magistrado, una vez tenga ante sí dicha solicitud, podrá prontamente expedir u ordenar al secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.** (Énfasis suplido.)

El mencionado inciso c de la Regla 6 fue añadido mediante la Ley Núm. 80 de 9 de julio de 1986 y tiene su

origen en el caso de *Álvarez v. Tribunal Superior*, 102 D.P.R. 236 (1974). Fue en esa ocasión donde establecimos que cuando se somete ante un magistrado un caso para la determinación de causa y éste determina que no existe causa o determina causa probable por un delito inferior o distinto al sometido, el ministerio público tiene el derecho a someter nuevamente el caso ante un magistrado de categoría superior aportando la misma o diferente prueba.

La Exposición de Motivos de la referida Ley Núm. 80 señala lo siguiente:

> Al momento, las reglas de Procedimiento Criminal no establecen un procedimiento específico para [someter un asunto nuevamente ante un magistrado de categoría superior, cuando se haya determinado que no existe causa probable para arresto]. Particularmente, las Reglas 6 y 24 que regulan en parte los procedimientos preliminares a la determinación de causa probable, no proveen un mecanismo en virtud del cual el tribunal venga obligado a citar, tanto a los testigos como al posible imputado. Igualmente la Regla 235, aunque provee para la citación bajo ciertas circunstancias, guarda silencio en cuanto a la obligación del tribunal de citar testigos e imputados cuando el fiscal lo solicita, tanto para procedimientos de determinación de causa como para el acto del juicio. Se ha generalizado la idea de que debe ser el fiscal o el policía estatal quien debe producir tanto a los testigos como a los imputados.
>
> Las enmiendas a las Regla 6, 24 y 235 de Procedimiento Criminal van encaminadas a establecer con claridad el procedimiento a seguir en aquellos casos en que el estado solicite la revisión de una determinación de causa que no le es favorable. **Así también, para establecer la obligación del tribunal de citar tanto a testigos como a imputados, cuando el fiscal o los agentes de la Policía lo soliciten. Los tribunales cuentan con los**

**recursos y el personal necesarios para hacer citaciones a través de la Oficina de los Alguaciles. Las fiscalías no poseen los mismos.** (Énfasis suplido)

Como vemos, al amparo de esta enmienda el tribunal tiene la facultad de expedir u ordenar la citación, tanto del imputado como de los testigos de cargo anunciados, cuando el fiscal o los agentes lo solicitan. Ahora bien, ¿tiene el ministerio público la misma facultad para citar a un imputado a la vista de determinación de causa para arresto? De contestar en la negativa, ¿carece de jurisdicción un tribunal para llevar a cabo una vista de causa probable para arresto en alzada, por no haber citado al imputado a la misma? De la exposición de motivos de la ley surge que la intención del legislador es aclarar que la obligación de citar tanto a testigos como a imputados le corresponde al tribunal. De esta manera, se excluyó la posibilidad de que fuera el ministerio público el que expidiera dichas citaciones. Por otro lado, la Regla 235 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, faculta al ministerio público a expedir citaciones de testigos solamente en el curso de una investigación. A esos efectos la referida disposición legal establece que:

> Cualquier magistrado podrá expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito o de una vista preliminar. Cuando el fiscal, en los casos y bajo las condiciones que estas reglas lo permitan, provea al tribunal el nombre y dirección de imputados o testigos, ello se

entenderá como una solicitud de citación, bien para el trámite de determinación de causa, para el acto del juicio o para cualquier procedimiento pendiente de vista. En estos casos será deber del tribunal, prontamente, expedir u ordenar al secretario del tribunal que expida la citación o citaciones correspondientes, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados.

El juez de cualquier tribunal podrá expedir u ordenar al secretario que expida citación para la comparecencia de cualquier testigo a juicio, a la toma de su deposición o a cualquier vista. El secretario del tribunal, a petición del acusado, podrá expedir citaciones libres de costas a esos mismos fines.

**Cualquier fiscal podrá igualmente expedir citación para la comparecencia y examen bajo juramento de testigos ante sí a los fines de la investigación de un delito. Si un testigo no obedeciere su citación, el tribunal a solicitud del fiscal podrá expedir mandamiento para su comparecencia ante dicho funcionario en la fecha y hora que señalare, bajo apercibimiento de desacato**. (Énfasis suplido.)

De la disposición antes citada surge, además, que es deber del tribunal —no del ministerio público— expedir las correspondientes citaciones tanto a testigos como a imputados.

En el caso de autos, el ministerio público expidió la citación amparándose en la Ley Núm. 3 de 18 de marzo de 1954, 34 L.P.R.A. sec. 1476, la cual dispone que "[t]oda persona citada como testigo por cualquier fiscal o magistrado estará obligada a comparecer y a testificar o a presentar libros, archivos, correspondencia, documentos u otra evidencia que se le requiera en cualquier investigación, procedimiento o proceso criminal". Esta ley debe ser interpretada a la luz de la

Regla 235, *supra*, que establece claramente que la facultad para expedir citaciones para el trámite de determinación de causa, juicio o cualquier procedimiento pendiente de vista, será del tribunal.

En cuanto a la segunda interrogante, también debemos contestar en la negativa. Sabido es que la vista de causa probable para arresto en alzada no es un trámite de apelación de la primera vista, sino un trámite independiente, separado y distinto. *Pueblo v. Martínez Rivera*, 144 D.P.R. 631, 646 (1997); *Pueblo v. Rivera Rivera*, 141 D.P.R. 121, 134 (1996). Es una segunda oportunidad que tiene el ministerio público para conseguir una determinación favorable de causa, con la misma u otra prueba. Aunque hemos reconocido una similitud entre la Regla 6 y la Regla 23, no debemos por analogía aplicar a la vista de causa probable para arresto en alzada el requisito que existe en la vista preliminar en alzada, de citar al imputado a los efectos de adquirir jurisdicción sobre el mismo. Como señalamos anteriormente, tanto en la vista preliminar como en la vista preliminar en alzada, se requiere que se cite al imputado de manera que el tribunal adquiera jurisdicción sobre el mismo. En vista de que en la vista de causa probable para arresto no existe tal requisito, tampoco debe existir en la vista en alzada. El hecho de que el inciso (C) de la Regla 6 establece que el tribunal "podrá" expedir la citación, no debe ser considerado como

un mandato jurisdiccional, sino como un procedimiento directivo que el tribunal tiene la facultad de seguir, si así lo solicita el ministerio público. Resolver lo contrario, además de no tener apoyo estatutario, impondría una carga en el Estado que el legislador no pretendió imponer.

### III

Por los fundamentos antes expuestos, se revoca el dictamen emitido por el Tribunal de Apelaciones, el cual declaró nula la determinación de causa probable para arresto por falta de jurisdicción. Devolvemos el caso al Tribunal de Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Miriam Naviera Merly
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Peticionario

      v.

North Caribbean Electric                CC-2003-428

    Recurrido



SENTENCIA


San Juan, Puerto Rico a 30 de junio de 2004


Por los fundamentos expuestos en la Opinión que antecede, se revoca el dictamen emitido por el Tribunal de Apelaciones, el cual declaró nula la determinación de causa probable para arresto por falta de jurisdicción. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rebollo López y Rivera Pérez concurren con el resultado sin opinión escrita. El Juez Asociado señor Corrada del Río no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo