El Juez Asociado Señor Estrella Martínez
emitió la opinión del Tribunal.
El hecho de que el Ministerio Público no escriba en la boleta de autorización las razones para someter el caso ante un magistrado para que éste determine causa para arresto en ausencia, ¿acarrea irremediablemente la deses-timación de las denuncias contra el imputado? Luego de estudiar detenidamente el expediente de autos y las cir-cunstancias aquí contenidas, resolvemos que ello no con-lleva la desestimación automática de las denuncias. No obstante, concluimos que la mejor práctica es que el fiscal consigne en la boleta de autorización, o el magistrado en las denuncias, las justificaciones para atender el caso sin citar previamente al sospechoso.
I
Por hechos alegadamente ocurridos el 22 de enero de 2010 y el 31 de marzo de 2010, se determinó causa probable para arresto en ausencia contra el Sr. Joaquín Rueda Lebrón por dos infracciones al Art. 406 (tentativa y conspi-ración) y otras dos al Art. 411A (introducción de drogas en escuelas o instituciones recreativas) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la Ley de Sustancias Controladas de Puerto Rico., 24 L.P.R.A. sees. 2406 y 2411a. Surge de la boleta del fiscal, para au-torizar la presentación del caso en ausencia, que varios agentes del Negociado de Investigaciones Especiales (NIE) *369 acudirían como testigos ante la presencia de un magistrado(1)
Luego que los testigos ofrecieran la información, el Tribunal de Primera Instancia determinó causa probable para arresto contra el señor Rueda Lebrón por todos los cargos imputados. En las denuncias se anotó que la magistrada examinó a los testigos que siguen: (1) agente Hiram Soto, quien testificó bajo juramento y ofreció además una decla-ración jurada; (2) agente Edwin Adorno, quien testificó bajo juramento; (3) NIE-P-2006-001 (informante); (4) agente Miguel Román, y (5) agente Ángel Díaz. Estos últi-mos tres ofrecieron declaraciones juradas. Cuatro de los cinco testigos tenían conocimiento personal del hecho de-lictivo aducido y el restante tenía la información o creencia del hecho. Además de lo anterior, la jueza también aludió a un memorando de prueba de campo y a un mapa(2)
Posteriormente, la defensa del señor Rueda Lebrón soli-citó la desestimación de las denuncias. Alegó que la jueza que presidió la vista para la determinación de causa probable para arresto no inquirió sobre las razones para cele-brarla en ausencia. La defensa aparenta fundamentar esa aseveración en el hecho de que en las denuncias la jueza “únicamente hizo constar que el acusado no estuvo presente y que se determinó causa probable para su arresto”(3) De igual forma, alegó que era necesario que se citara al señor Rueda Lebrón a la referida vista, pues de las propias denun-cias surgía la dirección residencial de éste.
El Ministerio Público presentó una moción para opo-nerse a la desestimación(4) En ella sostuvo que las denun- *370 cias presentadas en ausencia contra el señor Rueda Lebrón respondieron a una investigación confidencial realizada por agentes encubiertos y un informante del NIE. Además, informó que como parte de la investigación confidencial se presentaron 34 denuncias contra 12 sospechosos por in-fracción a la Ley de Sustancias Controladas. Alegó que las denuncias se interpusieron en ausencia del imputado por-que era oneroso para el Estado citar previamente a los 12 imputados sin que se afectara la investigación confidencial y sin poner en riesgo la vida y seguridad de los agentes encubiertos y del informante del NIE. Añadió que todos los sospechosos realizaban las transacciones dentro de resi-denciales públicos y que éstas fueron grabadas en video. En particular, el Ministerio Público explicó que toda esta información se le ofreció a la jueza que celebró la vista de causa probable para arresto, quien, en efecto, inquirió so-bre las razones que justificaban tramitar el asunto sin ci-tar al sospechoso a la vista. Por último, el Ministerio Pú-blico alegó que la naturaleza de la intervención estaba comprendida por las excepciones contempladas en Pueblo v. Rivera Martell, 173 D.P.R. 601 (2008), que permiten ce-lebrar en ausencia la vista de causa probable para arresto.
Luego de evaluar las respectivas posturas de las partes, el 25 de febrero de 2011 —notificada el 8 de marzo de 2011— el Tribunal de Primera Instancia emitió una reso-lución mediante la cual denegó la solicitud de desesti-mación.(5) Expresó ese foro que del expediente surgía cla-ramente que se imputaron transacciones con agentes encu-biertos, lo que constituía una de las excepciones menciona-das en Pueblo v. Rivera Martell, supra, para determinar causa para arresto en ausencia.(6)
*371 Inconforme con la negativa del tribunal de desestimar las denuncias aquí en controversia, el 1 de abril de 2011 el señor Rueda Lebrón presentó un recurso de certiorari ante el Tribunal de Apelaciones. Fue en esta ocasión cuando se-ñaló que el fiscal no consignó en la boleta para someter el caso el alegado hecho de que se trataba de una investiga-ción realizada por agentes encubiertos, de forma tal que se justificara celebrar la vista en ausencia. La defensa solicitó que se desestimaran las denuncias y se remitiera el caso al foro primario para la celebración de una nueva vista de determinación de causa para arresto.
En respuesta, el Ministerio Público, representado por la Oficina del Procurador General, reiteró que la jueza que determinó causa para arresto en ausencia conocía y aceptó las justificaciones del Ministerio Público antes de arribar a su decisión aunque éstas no surgieran de la boleta de au-torización del fiscal para someter el caso en ausencia o de las denuncias. Además, el Estado sostuvo que ello no es un requisito procesal reconocido por nuestro ordenamiento ju-rídico que impida la celebración de una vista en ausencia.
Posteriormente, el Tribunal de Apelaciones emitió una sentencia mediante la cual revocó el dictamen del Tribunal de Primera Instancia y ordenó la desestimación de las denuncias. Señaló ese foro que el fiscal no consignó en la boleta de autorización para someter el caso —ni la magis-trada en las denuncias— las justificaciones para celebrar la vista de causa para arresto en ausencia. En consecuen-cia, concluyó que en la vista no hubo explicación alguna al respecto. Además, el foro apelativo intermedio entendió que Pueblo v. Rivera Martell, supra, requiere que el magis-trado que oficia la vista de causa probable para arresto en ausencia establezca por escrito en ese momento los funda-mentos para la celebración de tal audiencia.
*372 Luego de varios trámites procesales, el Ministerio Pú-blico acudió ante nos mediante un recurso de certiorari. Planteó que no procedía la desestimación de las denuncias por el fundamento de que la justificación para celebrar la vista de causa para arresto en ausencia debía surgir de la boleta de autorización para someter el caso o de las denuncias. Además, alegó que la determinación de causa probable para acusar subsanó todo error que pudiera ha-ber ocurrido en la determinación de causa probable para el arresto.
Examinado el recurso, expedimos el auto solicitado. Con el beneficio de la comparecencia de ambas partes, procede-mos a resolver.
II
En nuestro ordenamiento jurídico, toda acción penal comienza con la determinación de causa probable para arresto o citación.(7) Tan pronto ocurre esa determinación, el tribunal adquiere jurisdicción sobre el imputado y éste deberá responder por la comisión del delito.(8)
La Constitución de Puerto Rico exige que para ex-pedir una orden de arresto un magistrado determine causa probable, apoyada en juramento o afirmación.(9) La orden que a esos fines se emita debe ser específica en cuanto a la persona a quien está dirigida.(10)
Los pormenores de la determinación de causa probable para arresto se encuentran en la Regla 6 de Procedi-miento *373 Criminal.(11) Para arribar a esta determinación el magistrado puede considerar: “la denuncia jurada, las de-claraciones juradas que se incluyan con ésta o el examen bajo juramento del denunciante o sus testigos, así como cualquier combinación de estos factores, e incluso, sin ne-cesidad de una denuncia, cuando se presente bajo jura-mento el testimonio de algún testigo con conocimiento personal del hecho delictivo”.(12) También se puede fundamentar la mencionada determinación en declaracio-nes hechas por información o creencia cuando éstas gozan de suficientes garantías de confiabilidad. Lo importante es que se le provea suficiente información al magistrado para que éste pueda inferir la probabilidad de que sé ha come-tido un delito y que el imputado lo cometió.(13) Debe quedar claro que en esta etapa no es necesario establecer categó-ricamente la existencia de responsabilidad.(14) Ello res- *374 ponde a que la determinación de causa probable para el arresto no constituye una adjudicación final del caso, pues en ésta no se establece la culpabilidad o inocencia del sospechoso.(15)
Por otra parte, además de los requisitos constitucionales enumerados en la Regla 6, supra, dicha disposición contiene ciertos derechos a favor de los imputados concedidos por vía legislativa. Por ejemplo, la Regla 6, supra, establece que en la determinación de causa probable para el arresto el imputado tiene el derecho de estar asistido por abogado, a contrainterrogar testigos y a ofrecer prueba a su favor. Sin embargo, esos derechos no son absolutos. La vista para determinar causa probable para el arresto puede celebrarse en ausencia del imputado.(16) En estas audiencias, por lo general, el sospechoso no está presente.(17) Su presencia es la excepción.(18)
Los derechos otorgados por la Regla 6, supra, solo se activan si la determinación de causa para el arresto se hace en presencia del imputado.(19) Y en esos casos, aun cuando el imputado esté presente, estos derechos no son absolutos, “sino limitados y sujetos a la discreción del tribunal”.(20)
En particular sintonía con la controversia que nos ocupa, en Pueblo v. Rivera Martell, supra, el fiscal se negó a exponer sus razones para someter los casos sin citar a los *375 imputados a la determinación de causa para el arresto, pese a la solicitud expresa del magistrado a esos fines. Re-solvimos en esa ocasión que la decisión de si procede citar al imputado a la vista de determinación de causa para el arresto recae en el magistrado y no en el fiscal. Se debe procurar citar al sospechoso a la vista de causa para arresto, pero existen circunstancias que justifican el no hacerlo.(21) Sin que constituya un listado taxativo, se puede celebrar la vista de causa para el arresto en ausencia en las circunstancias siguientes: (1) cuando se pretenden realizar arrestos en serie; (2) “cuando un operativo haya dado lugar a denuncias múltiples que hagan muy oneroso para el Es-tado citar previamente a todos los imputados” (énfasis nuestro);(22) (3) cuando ello evite que se malogre una inves-tigación en curso; (4) cuando “la seguridad de las víctimas o los testigos aconsejan que se celebre el proceso en ausencia del imputado” (énfasis nuestro),(23) o (5) cuando la persona no pudo ser localizada pese al esfuerzo realizado. (24)
Del mismo modo, en Pueblo v. Rivera Martell, supra, expresamos lo siguiente:
[D]ado que la determinación de causa probable la hace el ma-gistrado, y ya que éste tiene la obligación de velar por que no se menoscaben los derechos del imputado, es él quien debe decidir caso a caso sobre la necesidad de que la vista se celebre en ausencia del imputado. Es decir, es el magistrado quien debe pasar juicio y determinar con finalidad la suficiencia de las justificaciones ofrecidas por el Ministerio Público para no haber citado al imputado a la vista correspondiente. Y es que no podía ser de otra forma, ya que para garantizar la aplica-ción de los principios fundamentales en los que descansa nues-tro ordenamiento, tanto el derecho constitucional como el es-tatutario requieren la intervención de la figura neutral del magistrado. (Énfasis nuestro).(25) Véanse: Art. II, Sec. 10, *376 Const. E.L.A., L.P.R.A., Tomo 1; Enmda. IV, Const. EE. UU., U.S.C.A. Const.; Regla 6 de Procedimiento Criminal, supra.
Es incuestionable que el magistrado tiene la facultad y el deber de dirigir el proceso.(26) Claro está, el Ministerio Público tiene la libertad de escoger la forma como somete su caso, siempre sujeto a los límites de la Regla 6, supra.(27) Además, la explicación que ofrezca el fiscal sobre la conve-niencia de citar o no a un sospechoso de delito a la deter-minación de causa para el arresto merece amplia deferen-cia judicial.(28) Sin embargo, la determinación final siempre recaerá en el propio juicio del magistrado, a la luz de la totalidad de las circunstancias.(29)
III
El Ministerio Público alega que el Tribunal de Apelacio-nes incidió al desestimar las denuncias por el fundamento de que las razones para celebrar la vista de causa probable para el arresto, en ausencia del sospechoso, no fueron in-cluidas por el fiscal en la boleta de autorización para some-ter el caso ni por la magistrada en las denuncias.
De la boleta de autorización cumplimentada por el fiscal para someter el caso sin citar al sospechoso surge que se autorizó a varios agentes encubiertos del NIE a presen-tarse ante un magistrado. Estos así lo hicieron. Igual-mente, de las denuncias surge claramente que, antes de concluir que existía justa causa para el arresto, la jueza examinó las declaraciones de cinco testigos —cuatro agen-tes del NIE y un informante— de los cuales cuatro tenían conocimiento personal del alegado hecho delictivo —in-cluido el informante— y otro poseía conocimiento por infor- *377 marión o creencia. La magistrada también tuvo ante sí el memorando de la prueba de campo y la representación geo-gráfica de cierta área por medio de un mapa. Al evaluar la información que se le ofreció, la magistrada determinó que existía causa probable para el arresto del señor Rueda Le-brón por infracciones a la Ley de Sustancias Controladas, sin necesidad de una cita previa.
La defensa plantea que como no se consignaron por escrito en ese momento las razones por las cuales no se citó al sospechoso, la jueza no recibió justificación alguna. Por su parte, el Ministerio Público insiste en que la jueza inquirió sobre las razones y que se le brindaron. Luego de estudiar con detenimiento el caso de marras, no podemos suscribir el razonamiento de la defensa. Según intimado, de las denuncias surgen claramente los testigos, las declaraciones juradas y el resto de la evidencia que examinó la jueza para determinar que en este caso existía causa para el arresto sin necesidad de cita. Resultaría inverosímil sostener que, luego de evaluar las declaraciones de los agentes encubiertos y del informante del NIE que formaron parte de una investigación confidencial, la magistrada no pudiera obtener la creencia razonable de que existían suficientes razones para no citar al sospechoso. Precisamente, ese es el alcance de Pueblo v. Rivera Martell, supra, en el cual resolvimos que es el magistrado quien pasa juicio y determina la finalidad de la suficiencia de las justificaciones para no citar al sospechoso a la vista de causa para el arresto, y no el fiscal, aunque las explicaciones de este último sean objeto de amplia deferencia.(30)
Aunque la mejor práctica es que el fiscal consigne en la boleta de autorización las razones que justifican no citar al sospechoso, se puede sostener una determinación de causa para el arresto en ausencia si del expediente surge sufi- *378 cíente información que permita concluir razonablemente que el magistrado recibió las justificaciones en cuestión.
En el caso de marras, ante la determinación de la ma-gistrada, en el sano ejercicio de su discreción, de atender el caso en ausencia luego de examinar todas las declaraciones y la evidencia mencionadas, no podemos concluir sin más que la falta de apunte sobre las justificaciones implique la inexistencia de éstas ante el raciocinio de la jueza. Si la defensa no estuvo presente en la determinación de causa para el arresto en ausencia, ¿cómo puede afirmar que la magistrada no recibió las justificaciones requeridas? Cier-tamente, las circunstancias de este caso impiden saltar a la conclusión propuesta por la defensa. Máxime, cuando la determinación de causa probable, al igual que toda deter-minación judicial, goza de una presunción legal de corrección.(31) En síntesis, el mero hecho de que la jueza no anotara en las denuncias las razones sobre las circunstan-cias excepcionales, o el fiscal no las apuntara en la boleta, no significa que la magistrada no haya recibido suficiente información que justificara su proceder, o que no fuera ella quien dirimió el asunto.
Nótese que a diferencia de los hechos que motivaron nuestra decisión en Pueblo v. Rivera Martell, supra, en el cual el fiscal se negó rotundamente a ofrecer las justifica-ciones particularizadas, en el caso de autos el Ministerio Público, desde la primera vez en que la defensa levantó su planteamiento, ha brindado todas las razones que derrotan el planteamiento en cuestión. En particular, el Ministerio Público informó que la acción contra el señor Rueda Le-brón respondía a una investigación confidencial en la que participaron agentes encubiertos y un informante del NIE; que como parte de esa investigación confidencial se presen-taron 34 denuncias contra 12 sospechosos por infracciones *379 a la Ley de Sustancias Controladas —esto es, múltiples denuncias — , y que cursar una cita previa al señor Rueda Lebrón resultaría oneroso al Estado en la medida en que afectaría la investigación confidencial y pondría en riesgo la vida y seguridad de los agentes encubiertos y del infor-mante del NIE. Esas circunstancias justifican la celebra-ción de la vista de causa probable para el arresto en ausen-cia del entonces sospechoso, y hoy acusado, pese a que el Estado tuviera la dirección residencial de éste.(32)
IV
Por los fundamentos antes expuestos, revocamos la re-solución recurrida y devolvemos el caso al Tribunal de Pri-mera Instancia para que continúe con los procedimientos de manera cónsona con lo aquí resuelto.

Se dictará sentencia de conformidad.

El Juez Presidente señor Hernández Denton, la Juez Asociada Señora Rodríguez Rodríguez y la Jueza Asociada Señora Pabón Charneco concurrieron con el resultado sin opiniones escritas.

 Autorización para someter el caso a un magistrado, 30 de septiembre de 2010, Apéndice de la Petición de certiorari, pág. 49.

 Véase Denuncias, Apéndice de la Petición de certiorari, págs. 45-48.

 “Moción solicitando desestimación” presentada ante el Tribunal de Primera Instancia, 5 de noviembre de 2010, Apéndice de la Petición de certiorari, pág. 50.

 Véase “Moción en oposición a solicitud de desestimación” de 15 de noviembre de 2010 presentada por el Ministerio Público ante el Tribunal de Primera Instancia, Apéndice de la Petición de certiorari, págs. 53-57.

 Resolución del Tribunal de Primera Instancia, Sala Superior de Ponce, 25 de febrero de 2011, Apéndice de la Petición de certiorari, pág. 60.

 Cabe mencionar que ya para esa fecha el foro primario había celebrado la vista preliminar el 25 de enero de 2011. En ésta se encontró causa probable para acusar al señor Rueda Lebrón por infracción al Art. 411A de la Ley de Sustancias Controlad de Puerto Rico, 24 L.P.R.A. sec. 2411a. Apéndice de la Petición de certio- *371 rari, pág. 21. No se encontró causa para acusarle por infracción al Art. 406 de la misma ley, 24 L.P.R.A. sec. 2406. íd. Véanse: Pueblo v. Rivera Rodríguez, 150 D.P.R. 428, 437 (2000); Pueblo v. Jiménez Cruz, 145 D.P.R. 803, 815 (1998).

 Pueblo v. Sustache Sustache, 176 D.P.R. 250, 315 (2009); Pueblo v. Irizarry, 160 D.P.R. 544, 555 (2003); Pueblo v. Jiménez Cruz, supra, pág. 809.

 Pueblo v. Irizany, supra, pág. 555.

 Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1, ed. 2008, pág. 326. Similar exigencia contiene la Enmienda IV de la Constitución de Estados Unidos. Const. EE. UU., U.S.C.A. Const.

 Pueblo v. Irizany, supra, págs. 555-556.

 34 L.P.R.A. Ap. II. Luego de los incidentes procesales aquí en controversia, y recientemente, la Asamblea Legislativa aprobó la Ley Núm. 281-2011 para reconocer expresamente las facultades y la discreción que posee el Ministerio Público para presentar cargos en' ausencia cuando entienda que existen circunstancias justificadas. Aplicamos el texto de la regla antes de la referida enmienda, por ser el que rige la presente causa, que dispone, en lo concerniente, lo siguiente:
“Regla 6. Orden de arresto a base de una denuncia
“(a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad. Cuando hubiere más de una persona afec-tada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.
“El magistrado podrá también determinar causa probable para creer que se ha cometido un delito sin necesidad de que se presente ante él una denuncia cuando haya examinado bajo juramento a algún testigo o testigos que tuvieren conocimiento personal del hecho delictivo. ...
“En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba en su favor”. 34 L.P.R.A. Ap. II (ed. 2004).

 Pueblo v. Sustache Sustache, supra, págs. 315-316.

 íd., pág. 316.

 íd.

 Id. Hemos expresado anteriormente que la vista para determinar si existe causa para arresto no goza del alcance y la formalidad de una vista preliminar ni es un minijuicio. Pueblo v. North Caribbean, 162 D.P.R. 374, 381-382 (2004).

 Pueblo v. North Caribbean, supra, págs. 381-383; Pueblo v. Irizarry, supra, págs. 559-560; Pueblo v. Rodríguez López, 155 D.P.R. 894, 904 (2001).

 D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, 8va ed., San Juan, Ed. Inst, para el Desarrollo del Derecho, 2007, pág. 45; E.L. Chiesa, Procedimiento criminal: etapa investigatiua, San Juan, Pubs. J.T.S., 2006, Sec. 4.7(A), pág. 168.

 Pueblo v. Irizarry, supra, pág. 560.

 Id., pág. 564.

 íd.

 Pueblo v. Rivera Martell, 173 D.P.R. 601, 615-616 (2008).

 íd., pág. 616.

 íd.

 íd.

 íd., págs. 616-617.

 íd., pág. 617.

 íd.; Pueblo v. Irizarry, supra, pág. 565.

 Pueblo v. Rivera Martell, supra, pág. 618.

8) íd.

 En Pueblo v. Rivera Martell, supra, no establecimos una norma que exigiera que se consignaran por escrito las circunstancias excepcionales allí reconocidas para celebrar la vista de causa para el arresto sin citar al sospechoso.

 Pueblo v. Andaluz Méndez, 143 D.P.R. 656, 662 (1997); Pueblo v. Rivera Alicea, 125 D.P.R. 37, 42 (1989); Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796, 799 (1973).

 Véase Pueblo v. Rivera Martell, supra.