Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>**EDWIN LUGO CARDOZA**<br><br>Peticionario | KLCE202400100 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala **Mayagüez**<br><br>Caso Núm.:<br>**ISCI202300198 (402)**<br><br>Sobre:<br>Determinación Causa en Alzada |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nos, Edwin Lugo Cardoza, en adelante, Lugo Cardoza o peticionario, solicitando que revisemos una *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante, TPI-Mayagüez, y notificada el 3 de enero de 2024. En el dictamen recurrido, el Foro Primario declaró "No Ha Lugar" la solicitud de desestimación hecha por el peticionario, mediante su *"Escrito en Cumplimiento de Orden"* del 22 de septiembre de 2023.

Por los fundamentos que expondremos a continuación*, denegamos expedir el auto solicitado.*

**I.**

Por hechos acaecidos el 31 de marzo de 2023, se denunció a Lugo Cardoza por una alegada infracción al Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, en adelante, Ley 22-2000, 9

Número Identificador
RES2024_____

LPRA sec. 5202.[1] Según el recurso ante nuestra consideración, el Agente que intervino con el peticionario el día de los hechos, no compareció a las citaciones para la vista de determinación de causa para arresto, los días 4 y 18 de mayo y 14 de junio de 2023. Finalmente, el 12 de julio de 2023 se celebró la vista al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.[2] En la misma, se determinó "No Causa" contra Lugo Cardoza.

Según nos indica la Oficina del Procurador General de Puerto Rico, en adelante, Procurador o recurrido, el 1 de agosto de 2023, el Ministerio Público solicitó que se celebrara una vista para la determinación de causa para arresto, es decir, *en alzada*. Expone, además, que el TPI-Mayagüez emitió una resolución el 7 de agosto de 2023, señalando la *vista en alzada* para el 18 de agosto del mismo año.[3] En su escrito, comenta el recurrido que a la vista en alzada no compareció el peticionario ni los testigos del Ministerio Público, por lo que esta fue pospuesta para el 8 de septiembre de 2023. Añadió que, durante esta vista, el agente investigador del caso de epígrafe declaró *sobre las gestiones que hizo para citar al peticionario a la misma*. Indicó que el Ministerio Público arguyó que este, Lugo Cardoza, se escondía, y por eso no había sido notificado. Nos comenta el Procurador que, por ello, el Ministerio Público solicitó la expedición de nuevas citaciones.

Por su parte, Lugo Cardoza alega en sus escritos que la vista fue finalmente celebrada el 15 de septiembre de 2023 porque fue cuando, por medio de su representación legal, se le notificó de la misma. De los alegatos surge que, en la vista en cuestión, el peticionario arguyó que habían transcurrido sesenta y cinco (65) días desde la vista para determinación de causa para arresto, en

---

[1] Apéndice del recurso, pág. 1.
[2] Id. pág. 43.
[3] Aclaramos que este documento no obra en el expediente.

violación a los términos de juicio rápido, al amparo de la Regla 64(n)(7) de Procedimiento Criminal, supra, Ap. II, R. 64.

El Procurador expone que, a la luz de las alegaciones hechas por el peticionario, el TPI-Mayagüez emitió una orden en la que requirió a las partes expresarse. Ese mismo día, el peticionario presentó su *"Escrito en Cumplimiento de Orden"*.[4] En su escrito, la defensa de Lugo Cardoza expuso que la demora para la vista en alzada en cuestión no estuvo justificada, que era responsabilidad del Ministerio Público citar al peticionario dentro de los sesenta (60) días dispuestos estatutariamente y que no media evidencia de que Lugo Cardoza se ocultó para impedir ser citado.

Por su parte, el 29 de septiembre de 2023, el Ministerio Público presentó su *"Moción en Oposición a Solicitud de Desestimación al Amparo de la Regla 64(n)"*.[5] En su oposición, el Ministerio Público arguye que el exceso de los sesenta (60) días para la celebración de la vista en alzada no fue opresiva o injustificada, que el cálculo matemático de los términos no es suficiente para la desestimación, que el peticionario sí se ocultó para evitar ser citado y que este no ha sufrido un perjuicio con la tardanza.

El 29 de diciembre de 2023, el Foro Primario emitió una *"Resolución"*, que notificó el 3 de enero de 2024, en la que declaró "No Ha Lugar" la desestimación solicitada por Lugo Cardoza.[6] En el mencionado dictamen, el TPI-Mayagüez indicó que, en atención a la solicitud del Ministerio Público del 1 de agosto de 2023, señaló la vista en alzada para el 18 de agosto de 2023. Además, desglosó lo testificado por el agente investigador durante los señalamientos de vistas en alzadas. Según las determinaciones de hechos que el Foro Primario expuso en su dictamen, el peticionario no pudo ser

---

[4] Apéndice del recurso, pág. 4.
[5] Id. pág. 26.
[6] Id. pág. 40.

contactado, no empece a la diligencia del agente en cuestión. Añadió que, ante este cuadro fáctico, el Ministerio Público solicitó nuevas citaciones, y el auxilio de la Oficina de Alguaciles del Tribunal.

Así las cosas, el peticionario acudió ante esta Curia mediante un auto de *certiorari* el 19 de enero de 2024. En su recurso, Lugo Cardoza expone los siguientes errores:

> COMETIÓ ERROR EL TPI AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN Y RESOLVER QUE NO SE HABÍA QUEBRANTADO EL DERECHO FUNDAMENTAL DEL PETICIONARIO A JUICIO RÁPIDO.
>
> COMETIÓ ERROR MANIFIESTO EL TPI AL HACER UNAS DETERMINACIONES DE HECHOS SIN HABER RECIBIDO EVIDENCIA DEL MINISTERIO PÚBLICO PARA DEMOSTRAR QUE HABÍA JUSTA CAUSA PARA LA DÉMORA O QUE DICHA DEMORA RESPONDIÓ A LA SOLICITUD DEL PETICIONARIO O QUE ESTE BRINDÓ SU CONSENTIMIENTO A LA MISMA.

A través de una *"Resolución"* del 25 de enero de 2024, este Tribunal concedió a la recurrida un término de diez (10) días para expresarse sobre el recurso. El 5 de febrero de 2024, el Procurador compareció mediante una *"Moción de Desestimación y Escrito en Cumplimiento de Orden"*.

Con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.


**II.**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León,* 176 DPR 913, 918 (2009). Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *Pueblo v. Custodio Colón*, 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al v. Arcos Dorados et al*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**B. Términos de Juicio Rápido**

El derecho fundamental, reconocido a los imputados de delito, a un juicio rápido se encuentra consagrado en el Art. II, Sec. 11, de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1. *Pueblo v. Torres Rivera II*, 204 DPR 288, 296-297 (2020); *Pueblo v. Custodio Colón*, supra, pág. 580; *Pueblo v. Rivera Santiago*, 176 DPR 559, 569 (2009). La protección constitucional se activa cuando se pone en movimiento el mecanismo procesal criminal que atribuye la comisión de un delito a un imputado. *Pueblo v. Custodio Colón,* supra, págs. 580-581.

La Regla 64(n) de Procedimiento Criminal, supra, establece los términos de juicio rápido que rigen cada etapa del proceso penal. Generalmente, el incumplimiento con los términos allí establecidos conlleva que el acusado pueda solicitar la desestimación de la denuncia o acusación. *Pueblo v. García Colón I*, 182 DPR 129, 141 (2011).

A tales efectos, y en lo pertinente a la controversia ante nuestra consideración, la Regla 64(n)(4) de Procedimiento Criminal, supra, dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de estas solo podrá basarse en uno o más de los siguientes fundamentos:
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> **(7) Que se celebró una vista de causa probable para arresto o citación luego de los 60 días de la determinación de no causa.**
>
> (Énfasis suplido).

Ahora bien, el derecho a juicio rápido no es absoluto ni opera en el vacío. *Pueblo v. García Vega*, 186 DPR 592, 610 (2012).

La evaluación de los tribunales sobre las presuntas violaciones a estos términos, en el ejercicio de su discreción, fue

circunscrita y delimitada por nuestro Tribunal Supremo en *Pueblo v. Rivera Tirado*, 117 DPR 419 (1986). En este caso, nuestro Alto Foro adoptó cuatro (4) criterios ideados por el Tribunal Supremo de Estados Unidos, en el caso de *Barker v. Wingo*, 407 US 514 (1972). Estos cuatro términos acogidos por nuestra jurisprudencia en el año 1986 contemplan: (1) la duración de la dilación, (2) la razón de esta, (3) el perjuicio que haya provocado la tardanza y (4) la diligencia del que alegue estar afectado por la misma, al reclamar incumplimiento con los términos. *Pueblo v. Custodio Colón*, supra, pág. 582-583; *Pueblo v. García Vega*, supra, pág. 610; *Pueblo v. García Colón I*, supra, pág. 143.

De igual forma, la determinación respecto a la existencia de justa causa para la extensión de los términos de juicio rápido debe realizarse caso a caso y dentro de los parámetros de razonabilidad. *Pueblo v. Custodio Colón,* supra, pág. 582.

Por esa razón, ante un planteamiento de violación a los términos de juicio rápido "es importante tomar en cuenta las circunstancias que rodean su reclamo... Es decir, se trata de un derecho que puede ser compartible con cierta tardanza o demora", máxime cuando es atribuible al imputado. *Pueblo v. García Vega*, supra, pág. 610; *Pueblo v. Rivera Santiago*, supra, págs. 570-571. "En fin, este derecho no está limitado por la tiesa aritmética de la regla que lo concibe". Id.

### C. Regla 6 de Procedimiento Criminal

El requisito de determinación de causa probable, como condición para el arresto, es de rango constitucional. *Pueblo v. Cosme Andino*, 200 DPR 440, 444 (2018); *Pueblo v. Rueda Lebrón*, 187 DPR 366, 372 (2012); *Pueblo v. Rivera Martell*, 173 DPR 601, 608 (2008); *Pueblo v. North Caribbean*, 162 DPR 374, 379 (2004); Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol.

III, pág. 47. A tales efectos, la Constitución del Estado Libre Asociado de Puerto Rico, en su Artículo II, Sección 10, dispone que sólo se emitirán mandamientos para el arresto de una persona mediante autoridad judicial y cuando exista causa probable apoyada en juramento afirmación. Implantando dicho mandato, la Regla 6 de Procedimiento Criminal, establece el procedimiento para la determinación de causa probable para arresto de una persona. Es precisamente la determinación de causa de conformidad con la regla en cuestión, hecha por un magistrado, la que da comienzo al proceso criminal en nuestro sistema penal. *Pueblo v. Rueda Lebrón,* supra, pág. 372; *Pueblo v. Rivera Martell,* supra, pág. 608; *Pueblo v. North Caribbean,* supra, pág. 379; *Pueblo v. Jiménez Cruz,* 145 DPR 803, 810 (1998); *Pueblo v. Martínez Rivera,* 144 DPR 631, 642-643 (1997).

Mediante la aprobación de la Ley Núm. 80 del 9 de julio de 1986, en adelante, Ley Núm. 80, se enmendó la Regla 6 para añadirle el inciso (c), éste a los efectos de autorizar la Ministerio Público a comparecer en alzada de la determinación del Tribunal de que no existe causa probable para arrestar a una persona. De esta manera, la enmienda adoptó lo resuelto en *Álvarez v. Tribunal Superior,* 102 DPR 236, 238 (1974); 34 LPRA Ap. II, R.6 (c).

Ahora bien, para que un Tribunal adquiera jurisdicción sobre un imputado de delito en las vistas en alzada, se debe cumplir con los requisitos del debido proceso de ley. *Pueblo v. North Caribbean,* supra, pág. 382. Harto conocido es que uno de esos requisitos es la debida citación del imputado, para que, al hacer su determinación de causa, el Tribunal así adquiera jurisdicción sobre él. Id. Nuestro Alto Foro ha sido consistente en su postura en cuanto a que la tarea de citar al imputado es, primordialmente, responsabilidad del Tribunal. *Pueblo v. Cosme Andino,* pág. 449; *Pueblo v. Rivera Martell,* supra, pág. 617; *Pueblo v. North Caribbean,* pág. 382.

**III.**

El peticionario nos plantea que el Foro Primario se equivocó al denegar su solicitud de desestimación, por razón de que el término de sesenta (60) días había vencido. Sin embargo, nos vemos obligados a concluir que Lugo Cardoza no ha puesto a este Tribunal en posición de evaluar y adjudicar sobre sus alegaciones.

Entendemos que la controversia versa sobre la citación del imputado, aquí peticionario, a la vista en alzada. Lugo Cardoza indica que durante la vista al amparo de la Regla 6 de Procedimiento Criminal, supra, en la que se determinó "No Causa", "nada se informó sobre una posible vista de determinación de causa para citación en alzada". Por su parte, el Procurador indicó que el 1 de agosto de 2023, el Ministerio Público solicitó, mediante moción, vista en alzada. También arguye que el Foro Primario expidió en más de una ocasión citaciones para la vista en alzada.

Expuesta la divergencia en ambas posturas, precisa subrayar que nos sorprende la insuficiencia de los escritos presentados ante nos. Nada obra en el expediente que arroje claridad sobre lo sucedido en el TPI-Mayagüez, con relación a la citación – o la falta de esta – al imputado para la vista en alzada. No contamos con la prueba oral, ni petitorio alguno para presentar la misma, sobre las vistas que sí se celebraron en el caso de epígrafe. Tampoco obra en autos las presuntas resoluciones y citaciones expeditas por el Foro Primario, relevantes a la vista en alzada.

Ante las posiciones fragmentadas de las partes, y un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario.

Nuestra decisión de expedir o denegar recursos como el solicitado es una discrecional y no constituye una adjudicación en

los méritos. Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, *supra,* los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

## IV.

Por los fundamentos que anteceden, *denegamos expedir el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones